This action arises out of a commercial lease transaction. Precision American Corporation ("Precision") leased a tree harvester to Southland Timber Company and assigned its lessor's rights under that lease to Leasing Service Corporation ("LSC") and to Credit Alliance Corporation, which is not a party to this appeal. Precision's assignment was with recourse, but the parties *Page 381 
dispute the extent of that recourse. Southland's assignee defaulted on the lease to the extent of $140,385.52. Precision maintains that its recourse obligation is for one-half of the balance due on default ($70,192.76, half of $140,385.52); LSC contends that Precision's recourse obligation is for one-half of the initial amount of the lessee's obligation ($113,739.56, half of $227,479.12).
Precision sued LSC, alleging that LSC misrepresented the nature of the recourse obligation at the time the transaction was entered, and Precision also sought relief in equity to have the documents reformed to express what it claimed to be the true intent of the parties. Precision also asserted claims against Southland and its assignee, and against Credit Alliance Corporation, but those claims are not involved in this appeal. LSC counterclaimed against Precision for one-half of the total initial amount due on the lease and for possession of the tree harvester. LSC then moved for partial summary judgment for the amount Precision claims represents the recourse obligation ($70,192.76) and expressly preserved its rights on the balance of its counterclaim for later determination. The trial court granted LSC's motion for partial summary judgment and certified that judgment as final under Rule 54(b), A.R.Civ.P. Precision made a motion under Rule 59(e), A.R.Civ.P., for the trial court to reconsider its Rule 54(b) certification and argued that Rule 54(b) certification was improper since LSC had received summary judgment on only a portion of one of its claims. Precision's motion was denied, and Precision has appealed to this Court. Precision's claims and LSC's other counterclaims remain pending in the trial court.
Precision argues that LSC received summary judgment on only a portion of one of its claims and, therefore, that the trial court's Rule 54(b) certification was erroneous. We agree.
As this Court stated in Foster v. Greer Sons, Inc.,446 So.2d 605, 610 (Ala. 1984), "Rule 54(b) certifications should be granted only in exceptional cases and 'should not be entered routinely or as a courtesy or accommodation to counsel.' Pagev. Preisser, 585 F.2d 336, 339 (8th Cir. 1978)." The Committee comments to Rule 54 note:
 "The rule provides that, in the absence of affirmative action by the judge, no decision is final until the entire case has been adjudicated. The one exception is that where the court has completely disposed of one of a number of claims, or one of multiple parties, and has made an express determination that there is no just reason for delay, the court may direct the entry of judgment on that claim or as to that party." (Emphasis added).
Committee comments, Rule 54, A.R.Civ.P.
The question before this Court is whether the partial summary judgment LSC received completely disposed of a claim so as to make that judgment final. Rule 54(b) does not authorize the entry of final judgment on part of a single claim. Tolson v.United States, 732 F.2d 998, 999 (D.C. Cir. 1984). Neither federal nor state courts have been able to settle on a single test to determine when claims are separate or exactly what constitutes a claim. See, Tolson, 732 F.2d at 1001; Cates v.Bush, 293 Ala. 535, 307 So.2d 6 (1975). However, authorities have stated that "when plaintiff is suing to vindicate one legal right and alleges several elements of damage, only one claim is presented and subdivision (b) [of rule 54] does not apply." 10 C. Wright, A. Miller, M. Kane, Federal Practiceand Procedure: Civil 2d, § 2657, at 69-71 (1983); Landry v.G.B.A., 762 F.2d 462, 464 (5th Cir. 1985).
In this case, LSC counterclaimed for one-half of the initial amount of the lessee's obligation, and the trial court gave LSC a summary judgment on a portion of that amount, while reserving determination on the balance of the counterclaim. InCinerama, Inc. v. Sweet Music, S.A., 482 F.2d 66 (2d Cir. 1973), the Second Circuit Court of Appeals held that when the trial court determined part of the damages (the principal) but reserved determination on the amount of prejudgment interest, that determination was not final despite the trial court's Rule 54(b) certification. "It is settled that, in making the requisite determination *Page 382 
and direction under F.R.Civ.P. 54(b), '[t]he District Courtcannot, in the exercise of its discretion, treat as "final" that which is not "final" . . . . ' " 482 F.2d at 69 (emphasis in original). The Second Circuit noted in a later case that it had held that "a judgment fixing certain damages but not others could not be considered final." International Controls Corp. v.Vesco, 535 F.2d 742, at 748 (2d Cir. 1976), referring to AetnaCas. Surety Co. v. Giesnow, 412 F.2d 468 (2d Cir. 1969). That court said, "In short, a judgment cannot be considered final as long as it leaves open the question of additional damages."International Controls Corp. v. Vesco, at 748. "[A] judgment which awards damages but also allows the judgment holder to return to court to prove more damages is not a final judgment."Southeast Nursing Home, Inc. v. St. Paul Fire Marine Ins.Co., 750 F.2d 1531, 1539 n. 11 (11th Cir. 1985).
Not all aspects of LSC's counterclaim for one-half of the initial amount of the lessee's obligation have been adjudicated; therefore, the trial court's certification of finality under Rule 54(b) was erroneous and is due to be set aside. There being no final judgment, the appeal is dismissed for lack of jurisdiction.
APPEAL DISMISSED.
MADDOX, ALMON, BEATTY and HOUSTON, JJ., concur.