The plaintiff, Sammy Lee Haynes, appeals from a partial summary judgment entered against him and in favor of the defendants Alfa Life Insurance Corporation and Alfa Financial Corporation (collectively "Alfa") and Ben Layton in Haynes's action alleging fraud. We dismiss the appeal ex mero motu.
The issue Haynes presents relates not only to Haynes's action against Alfa, but to a collateral action in the United States District Court for the Middle District of Alabama and a number of earlier actions against Alfa containing claims similar to those of Haynes. See Alfa Financial Corp. v. Key, 927 F.SUPP. 423 (M.D. Ala. 1996), aff'd, 112 F.3d 1172 (11th Cir. 1997). Thus, we begin our discussion with a brief review of those actions.
On February 23, 1994, Eddie and Mary Christ sued Alfa in the Circuit Court of Barbour County. Id. at 426 (citing Christ v. Alfa Life Ins. Corp., No. CV-94-022). The Christs alleged that Alfa "defrauded them by requiring them to purchase life insurance from Alfa Life and to assign the proceeds to Alfa Financial as a condition to obtaining a loan." Id. Key summarized the facts in Christ as follows:
 "In the ensuing months, thirty seven additional civil actions were filed against [Alfa] in the Circuit Court for Barbour County and other Alabama state courts alleging the same fraudulent pattern and practice.
 "On the eve of the Christ trial, the parties to all of the pending cases involving the alleged fraudulent pattern and practice informed the Barbour County court that they had tentatively reached a settlement (the `Christ settlement'). The terms of the settlement required [Alfa] to pay $4.1 million to the plaintiffs in 41 cases, 37 of which included claims involving the alleged fraudulent pattern and practice. $3.4 million of the settlement amount was earmarked to satisfy the claims involving the alleged fraudulent pattern and practice. Approximately 90% of the payment was designated as punitive damages. [Alfa] did not admit liability, [but contended] that [it] agreed to the settlement to avoid the risk and expense of protracted litigation and to eliminate . . . exposure to punitive damages for the alleged fraudulent pattern and practice.
 "At the same time, [Alfa] submitted a motion requesting that the Barbour County court hold a Hammond hearing to determine whether the settlement amount for punitive damages was sufficient to punish [it] adequately for [its] alleged illegal fraudulent pattern and practice. See Ala. Code [1975,] § 6-11-23; Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala. 1989); Hammond v. City of Gadsden, 493 So.2d 1374 (Ala. 1986). On February 6, 1995, the Hammond hearing was held, and [Alfa] presented evidence relating to the adequacy of the punitive damage award. In ruling on the motion, the court assumed that [Alfa was] guilty of the alleged fraudulent pattern and practice. See Christ v. Alfa Life Ins. Corp., No. CV-94-022 (Ala. Cir. Ct. (Barbour Cty.) Feb. 6, 1995) (order setting forth Hammond hearing findings). After the hearing was concluded, . . . Barbour County [Presiding Circuit Judge Robertson] entered an order finding that: *Page 180 
 "`This court is firmly convinced that payment of the amounts which [Alfa has] either paid or agreed to pay, as well as its other costs incurred, is sufficient to punish [it] for the alleged intent, scheme, and pattern and practice of wrongful conduct set forth above and to deter [it] and others from any similar misconduct in the future . . . . The court further concludes that the imposition of additional punitive damages against [Alfa] for such alleged misconduct, scheme, and pattern and practice in excess of the amount already paid in the settlements mentioned above, whether in this case or any other proceeding, would constitute duplicative, multiple, and unjust punishment.'"
927 F.SUPP. at 426.
On April 25, 1995, Haynes sued Alfa and Ben Layton in the Circuit Court of Barbour County. His three-count complaint alleged that Alfa, through its "agent," Ben Layton, had falsely represented to Haynes that, in order to "be approved for a loan with . . . Alfa Financial Corporation," Haynes would have to "take out a life insurance policy through Alfa Life Insurance Company." The complaint further alleged, among other things, that Haynes "was caused to purchase costly insurance he neither desired nor needed." It alleged that Alfa and Layton were "guilty of conduct evincing a pattern and practice of intentional misconduct, or . . . conduct involving actual malice." Haynes sought compensatory and punitive damages on theories of (1) fraud, (2) suppression, and (3) conspiracy.
In addition to Haynes, several other persons sued Alfa after the entry of the Christ settlement order. On October 23, 1995, in response to these actions, Alfa commenced the action that resulted in an opinion reported as Alfa Financial Corp. v. Key, supra. In that action, Alfa attempted to invoke the jurisdiction of the United States District Court on the bases of (1) the "interpleader statute," 28 U.S.C. § 1335,[1] and (2) "federal question" jurisdiction, 28 U.S.C. § 1331.[2] The Key court defined Alfa's contentions more specifically as follows:
 "[Alfa contends] that, based on the Hammond order entered by the Alabama Circuit Court for Barbour County in the Christ case, [it is] no longer subject to liability for punitive damages arising from the alleged fraudulent pattern and practice. [It also contends] that additional awards of punitive damages . . . would violate the United States Constitution and the Constitution of the State of Alabama. In the alternative, [it contends] that, if punitive damages can still be awarded against [it], any further awards cannot exceed a total of $100,000. At the time [Alfa filed its] Complaint in this suit, [it] paid $100,000 into this court. [It gives] no explanation, however, for how [it] arrived at $100,000 as the extent of [its] liability.
 "[Alfa claims] that this is an action in the nature of interpleader because [its] liability for punitive damages based on the alleged fraudulent pattern and practice is limited to a fixed stake. [It claims] that [it has] already paid the full stake over to the plaintiffs involved in the Christ settlement. Accordingly, [it claims] that [it] may no longer be subjected to liability for punitive damages and that the $100,000 [it] paid into the court should be returned to [it]. [It] also seek[s] a declaration from this court that additional awards of punitive damages are prohibited and a declaration that the Defendants' claims for punitive damages are unconstitutional under the *Page 181 
Constitution of the United States and under the Constitution of the State of Alabama."
927 F.SUPP. at 427.
Haynes and the plaintiffs in the other post-Christ actions moved to dismiss Alfa's complaint. The trial court granted those motions, and the Court of Appeals for the Eleventh Circuit affirmed the judgment of dismissal, without opinion.
On May 6, 1996, Alfa and Layton moved the Barbour County Circuit Court for a partial summary judgment regarding punitive damages in Haynes's action. The motion asserted the same substantive ground Alfa had asserted in Key. Alfa argued that the Christ settlement order constituted a "determination . . . that [Alfa had] been sufficiently punished for the alleged wrongdoing of which [Haynes] complained," and that it was entitled to a pre-trial determination and judgment as a matter of law absolving it of all further liability for punitive damages. Judge Robertson, who had written the order approving the Christ settlement, denied the motion.
Within seven months, however, Judge Robertson resigned his judicial office. Thereafter, Alfa and Layton filed a motion to reconsider the motion for a partial summary judgment. The form and ground of the motion to reconsider were essentially identical to those of the original motion. However, the motion to reconsider was granted. The trial court "conclude[d] that the imposition of additional punitive damages against Alfa Life, Alfa Financial and their agents for such alleged misconduct, in excess of the amount already paid in the Christ action, would constitute duplicative, multiple, and unjust punishment and would be constitutionally prohibited." The trial court further stated: "Pursuant to Rule 54(b), Ala.R.Civ.P., the court DETERMINES that there is no just cause for delay of the final judgment in favor of Defendants to the extent above described and such judgment is DEEMED ENTERED."
From this order, Haynes filed a notice of appeal, seeking a determination by this Court whether — or how — the Christ settlement order can form the basis of a pre-trial adjudication in Haynes's action, or in any other action collateral to Christ, that Alfa has no further liability for punitive damages arising from a pattern and practice of conduct allegedly common to all the actions. We are unable to address this issue, because the purported Rule 54(b) certification of finality was ineffective.
Pursuant to Rule 54(b), a trial court may direct "the entry of a final judgment as to one or more but fewer than all of the claims or parties." But Rule 54(b) makes an order final — and therefore appealable — "only where the trial court `has completely disposed of one of a number of claims, or one of multiple parties." Tanner v. Alabama Power Co., 617 So.2d 656, 656 (Ala. 1993) (quoting Committee Comments on the 1973 adoption of Rule 54(b)) (emphasis added in Tanner). In other words, for a Rule 54(b) certification of finality to be effective, it must fully adjudicate at least one claim or fully dispose of the claims as they relate to at least one party.
However, "there is no such thing as a `claim of punitive damages.' Rather, there are claims on which our law authorizes the trier of fact to impose punitive damages if certain wrongfulness is proved by a sufficient weight of the evidence." Hines v. Riverside Chevrolet-Olds, Inc., 655 So.2d 909, 925 (Ala. 1994), overruled on other grounds, State Farm Fire Cas. Co. v. Owen, [Ms. 1961950, August 21, 1998] 729 So.2d 834 (Ala. 1998).
It is undisputed that the order from which this appeal was taken did not address or dispose of any of the substantive claims in this case and did not fully deal with any particular party. It addressed only the question of what species of damages Haynes might recover if he succeeded at trial on one of his substantive claims. See Precision American Corp. v. Leasing Service Corp.,505 So.2d 380, 381 (Ala. 1987) (Rule 54(b) did not create a final and appealable judgment where the trial court adjudicated only one portion of the claim for damages on a counterclaim, "while reserving determination on the balance of the counterclaim"). Thus, the trial court's purported Rule 54(b) certification was not effective to create a final judgment, and the order to which that certification *Page 182 
related was not appealable as of right. Haynes did not seek permission to appeal from this interlocutory order (see Rule 5, Ala.R.App.P.). Therefore, we cannot address the issues involved in this action. This appeal, being from a nonfinal order, must be dismissed.
APPEAL DISMISSED.
Hooper, C.J., and Kennedy, See, Lyons, and Brown, JJ., concur.
Houston, J., concurs specially.
[1] Section 1335 provides in pertinent part:
 "(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any . . . corporation . . . having in . . . its custody or possession money or property of the value of $500 or more . . ., if
 "(1) Two or more adverse claimants, of diverse citizenship . . ., are claiming or may claim to be entitled to such money or property . . . ."
The Key court wrote: "The federal interpleader statute is intended to enable a party seeking interpleader to avoid double vexation on a single liability resulting from adverse claims on the stake it holds." 927 F.SUPP. at 428.
[2] Section 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."