Lenora Allen, the insured, appeals from a summary judgment entered in favor of the defendants, Independent Fire Insurance Company and D.C. Rentz. Allen sued her independent insurance agent, Rentz, and Independent Fire, alleging misrepresentation, suppression, concealment, conspiracy, negligence, wantonness, and negligent and/or wanton supervision in connection with the fire insurance policy the defendants sold her on June 16, 1986, to insure her mobile home. In essence, Allen's complaint, as last amended, alleges that she was paying for too much coverage on her mobile home. In her complaint, Allen reasoned that it was evident that she had been sold too much insurance, because, in the event of a total loss, she would recover benefits only in the amount of the actual cash value of the mobile home, which was an amount less than the face amount of her coverage.
On October 19, 1998, the trial court entered a summary judgment on all claims against all defendants. The trial court specifically noted in a footnote to its judgment that Allen's complaint, as most recently amended, had named Billy Jones as an additional defendant, but that Allen had made no attempt to serve that defendant. The trial court concluded, "Accordingly, Mr. Jones is not a party to this action as it presently exists." Because no further claims against any defendants remained pending, the summary judgment was a final judgment. See e.g., Schiffman v.City of Irondale, 669 So.2d 136 (Ala. 1995).
Allen filed a Rule 59, Ala.R.Civ.P., postjudgment motion on November 13, 1998, seeking to set aside the summary judgment. Allen alleged in her postjudgment motion that, before the court held the hearing on Independent Fire's summary-judgment motion, she had moved the court for a continuance, pursuant to Rule 56(c) to allow her time to complete necessary discovery, and that in response to that motion, the trial court had agreed to limit the summary-judgment motion to the issue of the statute of limitations. Allen contended in her postjudgment motion that the trial court breached this agreement by entering a summary judgment for Independent Fire and Rentz on all claims. The court conducted a hearing on Allen's postjudgment motion on February 2, 1999; the motion was denied by operation of law on February 11, 1999. See
Rule 59.1, Ala.R.Civ.P. Jones, the third defendant, was finally served on April 14, 1999.
Allen filed a notice of appeal on April 22, 1999. The Supreme Court transferred the appeal to this court pursuant to Ala. Code 1975, § 12-2-7. The notice of appeal was filed more than 42 days after *Page 492 
Allen's postjudgment motion was denied by operation of law, and was therefore untimely. "The timely filing of a notice of appeal is a jurisdictional act." Rudd v. Rudd, 467 So.2d 964
(Ala.Civ.App. 1985). The failure to appeal within the prescribed time is fatal and requires the dismissal of the appeal. Id.
On March 24, 1999, the trial court entered two separate orders. One order purported to vacate the summary judgment as to D.C. Rentz and the other order purported to certify as final the summary judgment in favor of Independent Fire. However, the trial court lacked jurisdiction to enter these orders; therefore, those orders were nullities. Borders v. Borders, 702 So.2d 147
(Ala.Civ.App. 1997).
The appeal is dismissed as untimely.
 DISMISSED.
Robertson, P.J., and Yates, Monroe, and Crawley, JJ., concur.