HOUSTON, Justice.
We affirm the trial court’s summary judgment on the breach-of-contract claim, the wantonness claim, and the fraud claim insofar as it relates to the defendant’s alleged statement that the appliances were in good working order. Putnam Constr. & Realty Co. v. Byrd, 632 So.2d 961 (Ala.1992); Waters v. Taylor, 527 So.2d 139 (Ala.Civ.App.1988); Rommell v. Auto. Racing Club of America, Inc., 964 F.2d 1090, 1096 (11th Cir.1992). However, the trial court’s order was a final adjudication only as to the claims alleging breach of contract and wantonness and one of the two fraud claims. Punitive damages and damages for mental anguish are merely types of relief requested by the plaintiff, and, under the principles of Rule 54(b), Ala.R.Civ.P., issues relating to damages are not before us. Rule 54(b), allowing a trial court to make some portion of an action final while other portions remain pending, applies only to the adjudication of entire claims; it does not apply to orders relating to the recoverability of some, but *252 not all, of the damages a party seeks as the result of the claims pleaded. Ex parte Simmons, 791 So.2d 371 (Ala.2000) (citing Haynes v. Alfa Fin. Corp., 730 So.2d 178 (Ala.1999)). A Rule 54(b) certification of finality is effective only if it relates to an order fully adjudicating at least one claim or fully disposing of all claims as they relate to at least one party. Haynes, 730 So.2d at 181.
AFFIRMED.
HOOPER, C.J., and MADDOX, SEE, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.