Tammy Grantham filed a complaint in the Dale Circuit Court against Dr. Keith Vanderzyl. Grantham's complaint alleged assault and battery, the tort of outrage, and negligence or wantonness. The trial court entered a partial summary judgment in favor of Dr. Vanderzyl on the outrage claim; the summary-judgment order also purported to preclude Grantham from recovering, on any of her claims, damages based on lost income or on a fear of having contracted a communicable disease. The trial court entered another order purporting to make those rulings final under Rule 54(b), Ala.R.Civ.P. Grantham appeals, arguing 1) that the court erred in entering the summary judgment against her claim of outrage and 2) that the court improperly held she could not recover damages for lost income and fear of contracting a communicable disease. We affirm the partial summary judgment on Grantham's outrage claim, but we dismiss the appeal insofar as it relates to the order holding that Grantham could not recover certain damages.
Tammy Grantham was an operating-room nurse at Dale Medical Center. On April 10, 1997, she assisted Dr. Keith Vanderzyl in an orthopedic surgical procedure on a patient's leg. It is undisputed that at some point during the operation, the procedure was not going smoothly because the foot pedal Dr. Vanderzyl was using to operate the surgical instruments was not working properly. Dr. Vanderzyl admits that he was using profanity during the surgery and that he made a remark to the effect that Grantham lacked the appropriate training. According to Grantham, *Page 1079 
when she stooped to adjust the pedal at Dr. Vanderzyl's feet, Dr. Vanderzyl took one of the surgical drapes containing the patient's blood and surgical refuse and threw it at Grantham. Dr. Vanderzyl insists that it was an accident, but he concedes in his deposition that he saw that the blood and fluids were on Grantham's face and that his response was "I don't give a damn."
Later that day, Grantham and the patient underwent blood tests for HIV, hepatitis, and other communicable diseases. Although those tests were negative, Grantham and the patient were required to repeat the tests five times over the next year. Grantham was told by the "infectious-disease supervisor" at the hospital to consider herself HIV-positive and to adapt her lifestyle accordingly. After each round of testing, Grantham was informed that her blood tests were negative and that the patient's tests were negative — except that at some point during the year-long testing period the patient's blood test returned a positive result for a communicable disease. Grantham was informed that a problem had arisen and that the patient had to be retested. Grantham later learned that the test had been defective and that a retest of the patient's blood produced a negative result. With the exception of that defective test, all six of Grantham's tests and all six of the patient's blood tests showed no signs that either of them had contracted a communicable disease.
On July 1, 1997, Grantham sued Dr. Vanderzyl, alleging that he committed an assault and battery on her, that his conduct was outrageous, and that he had negligently or wantonly struck her. Grantham further alleged that the defendant's acts caused injuries, and she listed several grounds upon which she expected to recover damages. Grantham later amended her complaint to strike the negligence claim. After the parties had conducted discovery, Dr. Vanderzyl filed a "Motion for Partial Summary Judgment," asserting that he was entitled to a judgment as a matter of law on the tort-of-outrage claim and on two of the theories on which Grantham was seeking damages (a claim of lost income and a claimed fear of contracting a communicable disease).
The circuit court granted Dr. Vanderzyl's motion for a partial summary judgment on the tort-of-outrage claim. Its summary-judgment order also purported to bar Grantham's claims related to the two theories of damages. First, the trial judge found that Grantham had failed to produce evidence creating a genuine issue of material fact concerning her claimed loss of income and therefore that she could not recover damages on that theory. Second, because it found no Alabama precedent allowing a recovery of damages for fear of contracting a communicable disease, the judge held that Grantham had failed to produce substantial evidence supporting her claim for damages on that theory. Third, the judge found that the incident on which the complaint was based, even considering that incident as Grantham had described it, did not rise to the level of conduct constituting the tort of outrage under Alabama law. After making these determinations, the trial court purported to enter a final judgment under Rule 54(b), Ala.R.Civ.P. Grantham appeals, complaining of each of the trial court's three determinations. We dismiss the appeal insofar as it relates to the two damages issues, for lack of jurisdiction; we affirm the summary judgment for Dr. Vanderzyl on the tort-of-outrage claim.
 The Damages Issues
Ordinarily, an appeal can be brought only from a final judgment. Ala. Code 1975, § 12-22-2. If a case involves multiple *Page 1080 
claims or multiple parties, an order is generally not final unless it disposes of all claims as to all parties. Rule 54(b), Ala.R.Civ.P. However, when an action contains more than one claim for relief, Rule 54(b) allows the court to direct the entry of a final judgment as to one or more of the claims, if it makes the express determination that there is no just reason for delay. When the trial court enters an order that disposes of one of several claims, and 1) makes the "express determination that there is no just reason for delay" in making that order final and 2) expressly directs "the entry of judgment," the order is final, Rule 54(b), and thus appealable, Committee Comments on 1973 Adoption of Rule 54(b).
If an order does not completely dispose of or fully adjudicate at least one claim, a court's Rule 54(b) certification of the order is not effective. See Haynes v. Alfa Fin. Corp., 730 So.2d 178 (Ala. 1999). Damages are only one portion of a claim to vindicate a legal right, even though the damages claimed may consist of several elements. See id. at 181. An order is not final if it permits a party to return to court and prove more damages or if it leaves open the question of additional recovery. See Precision American Corp. v. Leasing Serv. Corp.,505 So.2d 380, 382 (Ala. 1987).
In Haynes, a partial summary judgment for the defendants precluded the plaintiff from recovering punitive damages. 730 So.2d at 181. This Court held that the partial summary judgment addressed only the question of what "species" of damages the plaintiff would recover if he succeeded on one of his claims; the order precluding the recovery of punitive damages did not fully address or dispose of any of the plaintiff's actual "claims." See id. at 181. Because the appeal was from a nonfinal order, this Court dismissed it for lack of jurisdiction. See id.
Although the Dale Circuit Court purported to certify its order under Rule 54(b), that order is not final insofar as it pertains to the species of damages Grantham may pursue. In her complaint, Grantham asserts numerous items of harm or loss on which she seeks to recover damages, two of which are lost income and a fear of contracting a communicable disease. Grantham still has the right to return to court and pursue damages claims relating to other items; none of her claims has been completely disposed of by the order precluding her recovery of damages based on these two items. To the extent this appeal relates to the order precluding Grantham from recovering for certain items of alleged harm or damage, we dismiss it for lack of jurisdiction.
 The Tort-of-Outrage Claim
We now consider Grantham's allegations that Dr. Vanderzyl's actions rise to the level of conduct this Court has recognized as actionable in a tort-of-outrage action. The trial court held that all of Grantham's allegations, if taken as true, do not state conduct rising to such a level as to be actionable under the rule announced in American RoadService Co. v. Inmon, 394 So.2d 361 (Ala. 1980). This Court in Inmon
described the conduct that will support a tort-of-outrage claim:
 "We . . . join our sister states . . . in appreciating that willful wrongs, or those made so recklessly as to equate willfulness, authorize recovery in damages for the mental suffering caused thereby, and we now recognize that one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and for bodily harm resulting from the distress. The emotional distress . . . must be so severe that no reasonable *Page 1081 
person could be expected to endure it. Any recovery must be reasonable and justified under the circumstances, liability ensuing only when the conduct is extreme. Comment, [Restatement (Second) of Torts § 46 (1948)], at 78. By extreme we refer to conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society."
394 So.2d at 365. (Citations omitted.) In order to present a cognizable claim under the narrowly construed tort of outrage, a plaintiff must prove that the defendant's conduct 1) was intentional or reckless; 2) was extreme and outrageous; and 3) caused emotional distress so severe that no reasonable person could be expected to endure it. See Thomas v. BSEIndus. Contractors, Inc., 624 So.2d 1041, 1043 (Ala. 1993).
Generalized apprehensions and fears do not rise to the level of the extreme, severe emotional distress required to support a claim alleging the tort of outrage. See Thomas, 624 So.2d at 1045. In Thomas, the plaintiff brought a claim against his employers for failing to warn him that he was working in an area where he was exposed to asbestos. See id. Although the plaintiff testified that he feared he would develop cancer and that he felt like a "walking time bomb," he presented no clinical evidence indicating that he was likely to develop any disease as a result of the exposure. See id. Thomas's evidence about the probability of his developing disease from this exposure was vague and inconclusive. Seeid. This Court was unwilling to hold that the plaintiff's fear alone, without any corroboration by clinical evidence, rose to the level of "severe emotional distress," i.e., distress "so severe that no reasonable person could be expected to endure it." See Thomas, 624 So.2d at 1043-45, citing and quoting Inman.
Grantham asserts that she suffered a threat to her life; that that threat caused her extreme emotional distress; and that that distress merits relief under a tort-of-outrage claim. However, there must be some basis in fact for her fear of developing a disease from exposure to the patient's blood. The mere fear of contracting a disease, without actual exposure to it, cannot be sufficient to cause the level of emotional distress necessary for this cause of action. In actuality, Grantham was never in danger of contracting a communicable disease as the result of the operating-room incident. Every blood test to which Grantham has submitted has returned a negative result. There is no evidence that the patient carried a communicable disease. Grantham even admits in her deposition testimony that she has no reason to believe she presently has any disease contracted as a result of her exposure to the patient's blood. The trial court correctly held that Grantham's allegations, even if true, do not state conduct rising to the level required to constitute the tort of outrage under Alabama law. The summary judgment on the tort-of-outrage claim is affirmed.
 Conclusion
The summary judgment for Dr. Vanderzyl on Grantham's claim alleging the tort of outrage is affirmed. To the extent the appeal relates to the trial court's order precluding Grantham's recovery of certain damages, the appeal is dismissed.
AFFIRMED IN PART; APPEAL DISMISSED IN PART.
Houston, See, Johnstone, Harwood, and Stuart, JJ., concur.
Lyons, Brown, and Woodall, JJ., concur in part and dissent in part. *Page 1082