SMITH, Justice.
 

 Robert Horn appeals from an order of the Shelby Circuit Court in an action filed against him by his daughter, Latrice
 
 *1107
 
 Brown. Because the order from which Horn appeals is not a final judgment, we dismiss the appeal.
 

 Facts and Procedural History
 

 In 1993, Brown’s mother, Felicia Yvonne Brown Carson, was killed in a motor-vehicle accident. Carson and Horn, who were not married at the time of Carson’s death, had three children, including Brown, who were minors at the time of her death. Carson died intestate, and a civil action was filed on behalf of Carson’s estate against the driver of the other vehicle involved in the accident and the driver’s employer. That action eventually settled, and, according to Brown, the estate received over $6,000,000.
 

 In February 2007, Brown filed the underlying action against Horn, alleging that she was entitled to one-third of the proceeds from the settlement of the civil action filed on behalf of Carson’s estate and that Horn had control over those proceeds. Brown contended that Horn had prevented her from obtaining her portion of the settlement proceeds, and Brown sought compensatory and punitive damages from Horn under theories of conversion and unjust enrichment.
 

 Horn did not file a timely answer to Brown’s complaint, and Brown moved for a default judgment. Horn subsequently filed an answer generally denying the allegations of Brown’s complaint.
 

 On March 30, 2007, Brown served Horn with a written request for admissions under Rule 36, Ala. R. Civ. P. Among other things, Brown requested that Horn admit or deny the following:
 

 “6. A lawsuit was filed concerning the death of Ms. Carson.
 

 [[Image here]]
 

 “15. Said lawsuit was settled for more than $6,000,000.
 

 “16. As one of Ms. Carson’s three living heirs, [Brown] was entitled to one-third of said money.
 

 “17. Because [Horn was] not one of Ms. Carson’s heirs, [he] had no legal right to any portion of said money.
 

 “18. Because [Brown] was a minor child at the time said money was received, [Horn] took possession of her share of said money.
 

 “19. Despite the fact that [Brown] is now an adult, [Horn] refused to give to [her] her share of said money.”
 

 Horn did not file a timely response to the request for admissions. Relying on that part of Rule 36, Ala. R. Civ. P., that states that a requested “matter is admitted unless, within thirty (30) days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter,” Brown moved for a summary judgment as to her request for compensatory damages for her claims of conversion and unjust enrichment when Horn failed to file an answer or objection within 30 days. Specifically, her motion asserted:
 

 “31. Based on the facts admitted by [Horn], there is no genuine issue of material fact concerning whether [Brown] is entitled to prevail on her claim of unjust enrichment.... [Horn] admits that he took possession of money that rightfully belonged to [Brown] and refuses to give said money to [Brown].
 

 “32. Based on the above, there is no genuine issue of material fact that [Brown] is entitled, as a matter of law, to a judgment against [Horn] for compensatory damages in the amount of $2,000,000.
 

 “... [Brown] requests that this court enter a [summary] judgment ... in her
 
 *1108
 
 favor against [Horn] for compensatory damages in the amount of $2,000,000, with leave to prove punitive damages.”
 

 After Brown filed her summary-judgment motion, Horn filed responses to Brown’s request for admissions. Brown then filed a motion arguing that Horn’s responses to the request for admissions were untimely under Rule 36, Ala. R. Civ. P. Brown contended that, because Horn had failed to file a timely response to her request for admissions, the matters in Brown’s written request for admissions were deemed admitted by Horn. Brown again asked the court to enter a summary judgment in her favor for $2,000,000 in compensatory damages “with leave to prove punitive damages.”
 

 The trial court held a hearing on Brown’s motions on July 9, 2007. Following that hearing, the trial court entered an order on July 16, 2007, stating that Brown’s motion for a summary judgment “is hereby GRANTED.” On July 25, 2007, the trial court denied Horn’s motion to alter, amend, or vacate the judgment of July 16, 2007.
 

 Horn filed his notice of appeal to this Court on August 17, 2007. After briefs were filed, this Court, in an order issued on November 21, 2007, dismissed the appeal as being from a nonfinal order.
 
 Horn v. Brown
 
 (Ms. 1061656, Nov. 21, 2007). The order stated that the appeal was being dismissed because it appeared “that there [had] been no entry of final judgment from which an appeal [could] be taken.”
 

 Horn then moved to supplement the record to include an order of the trial court dated August 22, 2007, which Horn asserted “was intended to be a final order of this cause.” That motion was granted, and after the record was supplemented, Horn filed a motion seeking to have the appeal reinstated.
 
 [1]
 
 The appeal was reinstated, and briefs were refiled.
 
 [2]
 

 Discussion
 

 Horn contends that the trial court exceeded its discretion in refusing to consider Horn’s responses — which Horn concedes were untimely filed — to Brown’s written request for admissions under Rule 36, Ala. R. Civ. P. Therefore, Horn argues, the trial court erred in entering a summary judgment on Brown’s claim for $2,000,000 in compensatory damages. Horn’s appeal, however, is due to be dismissed because there has been no final judgment entered in this action.
 

 “ An appeal will ordinarily lie only from a final judgment; that is, a judgment that conclusively determines the issues before the court and ascertains and declares the rights of the parties.’
 
 Palughi v. Dow,
 
 659 So.2d 112, 113 (Ala.1995). For a judgment to be final, it must put an end to the proceedings and leave nothing for further adjudication.
 
 Ex parte Wharfhouse Rest & Oyster Bar, Inc.,
 
 796 So.2d 316, 320 (Ala.2001). ‘[W]ithout a final judgment, this Court is without jurisdiction to hear an appeal.’
 
 Cates v. Bush,
 
 293 Ala. 535, 537, 307 So.2d 6, 8 (1975).”
 

 Hamilton v. Connally,
 
 959 So.2d 640, 642 (Ala.2006).
 

 In her complaint, Brown asserted claims of conversion and unjust enrichment. For
 
 *1109
 
 those two claims, Brown sought two types of relief: compensatory damages and punitive damages. In moving for a summary judgment, Brown specifically requested a judgment “for compensatory damages in the amount of $2,000,000,
 
 with leave to prove punitive damages
 
 ” (emphasis added). Although the trial court entered an order awarding Brown $2,000,000 in compensatory damages on her conversion and unjust-enrichment claims, the trial court has not disposed of Brown’s request for punitive damages on those same claims.
 

 In
 
 Haynes v. Alfa Financial Corp.,
 
 730 So.2d 178, 181 (Ala.1999), this Court noted that “ ‘there is no such thing as a “claim of punitive damages.” Rather, there are claims on which our law authorizes the trier of fact to impose punitive damages if certain wrongfulness is proved by a sufficient weight of the evidence.’ ” (Quoting
 
 Hines v. Riverside Chevrolet-Olds, Inc.,
 
 655 So.2d 909, 925 (Ala.1994),
 
 overruled on other grounds, State Farm Fire & Cas. Co. v. Owen,
 
 729 So.2d 834 (Ala.1998).) Thus, there remains a pending request for punitive damages on Brown’s claims of conversion and unjust enrichment; consequently, there has been no judgment finally disposing of all the claims in the underlying action.
 
 Haynes, supra.
 
 In
 
 Grantham v. Vanderzyl,
 
 802 So.2d 1077, 1080 (Ala.2001), this Court stated:
 

 “Damages are only one portion of a claim to vindicate a legal right, even though the damages claimed may consist of several elements.
 
 See [Haynes,
 
 730 So.2d] at 181. An order is not final if it permits a party to return to court and prove more damages or if it leaves open the question of additional recovery.
 
 See Precision American Corp. v. Leasing Serv. Corp.,
 
 505 So.2d 380, 382 (Ala.1987).”
 

 This Court noted in
 
 Dzwonkowski v. Sonitrol of Mobile, Inc.,
 
 892 So.2d 354, 361-62 (Ala.2004):
 

 “[I]t must be remembered that ‘[d]am-ages are [an element] of a claim to vindicate a legal right.’
 
 Grantham v. Vanderzyl,
 
 802 So.2d 1077, 1080 (Ala.2001).
 

 “ ‘Where the amount of damages is an issue, ... the recognized rule of law in Alabama is that no appeal will lie from a judgment which does not adjudicate that issue by ascertainment of the amount of those damages.’
 
 Moody v. State ex rel. Payne,
 
 351 So.2d 547, 551 (Ala.1977). ‘That a judgment is not final when the amount of damages has not been fixed by it is unquestionable.’
 
 Automatic’ Sprinkler Corp. of America v. B.F. Goodrich Co.,
 
 351 So.2d 555, 557 (Ala.1977).”
 

 Although Horn supplemented the record to include an order of the trial court dated August 22, 2007, that order does not address Brown’s request for punitive damages,
 
 [3]
 
 nor does any other order in the
 
 *1110
 
 record before us. Thus, there has been no final judgment in the underlying action; no order has “put an end to the proceedings and [left] nothing for further adjudication.”
 
 Hamilton,
 
 959 So.2d at 642. This appeal is therefore due to be dismissed.
 

 Conclusion
 

 The appeal is dismissed.
 

 APPEAL DISMISSED.
 

 COBB, C.J., and SEE, WOODALL, and PARKER, JJ., concur.
 

 [1]
 

 . Horn actually filed an application for rehearing; this Court treated the filing of that application as a motion to reinstate the appeal.
 

 [2]
 

 . Brown has not filed a brief with this Court. Although she was represented by counsel in the trial court, Brown discharged her attorney after the trial court entered a summary judgment in her favor. In this appeal, the attorney who represented Brown in the trial court filed briefs as an amicus curiae arguing in support of the trial court's judgment.
 

 [3]
 

 . The August 22, 2007, order states:
 

 "This court granted [Brown's motion for a summary judgment] on July 16, 2007, based upon the facts admitted by [Horn] as a result of [Horn’s] failure- to respond to [Brown's] First Request for Admissions. Accordingly it is the order of this Court that judgment is rendered for [Brown] and against [Horn] in the amount of $2,000,000.
 

 "Furthermore, it is the intention of this Court that the judgment granted herein is not to be dischargeable by [Horn], pursuant to § 523 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Specifically, this Court notes that § 523(4) prevents discharge of a debt created through defalcation while acting in a fiduciary capacity. It is the opinion of this Court that, based on the admitted facts, [Horn] was acting as a fiduciary concerning the $2,000,000 that belonged to [Brown] and that [Horn] misappropriated this money to his own benefit.
 

 “This Court also notes that § 523(6) prevents discharge of a debt created through willful and malicious injury. This Court
 
 *1110
 
 observes that [Brown's] complaint pleads conversion, which is an intentional tort.
 
 See, e.g., Industrial Techs., Inc. v. Jacobs Bank,
 
 872 So.2d 819 (Ala.2003). Additionally, this Court observes that [Horn’s] tor-tious conduct, evidenced by the admitted facts, was intentional, willful, and malicious.”