THOMPSON, Presiding Judge.
 

 Don Martin appeals from a partial summary judgment entered by the Etowah Circuit Court in favor of Guy Phillips. Because the notice of appeal was untimely filed, we dismiss the appeal for lack of appellate jurisdiction.
 

 Facts and Procedural Background
 

 In 1958, Alabama Power Company acquired fee-simple title to certain real property located in Cherokee County for the purpose of creating the Weiss Lake reservoir. As it relates to the present case, the property obtained by Alabama Power Company included all the land lying below the contour line marking 565 feet above sea level. After 1958, certain real property located next to the Weiss Lake reservoir was subdivided and became known as Griffin Subdivision Number 4 (“the subdivision”).
 

 Phillips and Martin own adjacent parcels of real property located in the subdivision. Martin owns lot three; Phillips owns lot four. Though he owns it, Phillips does not reside on lot four. The lots are located adjacent to or near a slough on the Weiss Lake reservoir.
 

 A dispute arose between Phillips and Martin, and, on February 4, 1999, Phillips sued Martin. Phillips alleged that in October 1996, at Martin’s request, he gave Martin permission to clear a path across the corner of his property so that Martin could walk back and forth to the property of a friend who lived on the other side of the slough. In doing so, Phillips alleged, he specifically told Martin not to remove any dirt from Phillips’s property. Not only did Martin disregard this limitation and remove dirt from Phillips’s property, he cleared a road, instead of a path, through Phillips’s property. Phillips alleged that, in response to Martin’s exceed
 
 *1014
 
 ing the scope of permission granted him, Phillips erected fence posts and several “no trespassing” signs on his property. Martin, Phillips alleged, pulled up those fence posts and continued to cross Phillips’s property. Phillips alleged that, in December 1996, he returned to his property in the subdivision and found that Martin had caused heavy machinery to cross it and that Martin had built a seawall bordering the slough 30 feet from the corner of Phillips’s property.
 

 Based on the foregoing allegations, Phillips alleged that Martin had committed a trespass on his property that was continuing and that, as a result of the trespass, the value of his property had been diminished; he further alleged that he had suffered emotional distress and mental anguish. Phillips sought an award of $100,000.
 

 On February 20, 2003, Phillips filed an amendment to his complaint, adding three claims: (1) private nuisance; (2) taking of littoral or riparian rights;
 
 [1]
 
 and (3) easement by prescription. The second of these additional counts, taking of littoral or riparian rights, is the count at issue in the present appeal. In that count, Phillips alleged:
 

 “2. [Martin’s] installation of the seawall as aforesaid, and filling in behind so as to create land where there had been water, cut off all access to the water as [Phillips] had prior to such action on the part of [Martin].
 

 “3. [Martin’s] said installation and maintenance constitutes a taking of [Phillips’s] littoral or riparian rights, as a consequence of which [Phillips] and his property have been damaged.
 

 “4. [Phillips] is entitled by Section 6-2-33(1), Ala.Code (1975), as amended[
 
 2
 
 ] to recovery of hereditaments such as said littoral or riparian rights.
 

 “5. [Phillips] is entitled to issuance of an injunction by this court.
 

 “WHEREFORE, [Phillips] demands judgment against [Martin] as follows:
 

 “A. Enjoining [Martin’s] continuing taking of [Phillips’s] littoral or riparian rights.
 

 “B. For damages in the amount of ONE HUNDRED THOUSAND AND NO/100 DOLLARS ($100,-000.00), plus costs of court.”
 

 On June 13, 2007, the case went to trial. However, the trial ended in a mistrial because the jury was unable to reach a unanimous verdict.
 

 On July 12, 2007, Phillips filed a motion for a partial summary judgment on a part of the count claiming that Martin had taken his riparian or littoral rights. Specifically, he stated:
 

 “The Count which is the basis of this Motion ... is Count Three, ‘Taking of littoral or riparian rights.’ By that Count, Phillips alleges that Martin’s installation of a seawall, and backfilling behind same so as to create a 30 foot
 
 *1015
 
 width of land at the end of the slough where there had been water, cut off all access to the water as Phillips had prior to such action by Martin. The Count alleges that such action constituted a taking of Phillips’ littoral or riparian rights, as a consequence of which Phillips and his property have been damaged, and for which an injunction and damages are sought.
 

 “This Motion is being filed to seek a determination by the Court that Phillips, and all subsequent owners of Lot 4 of Griffin Subdivision No. 4, have riparian rights to access the water at Weiss Lake for recreational use across the width of land and seawall constructed by Martin. This Motion further seeks a permanent injunction restraining Martin, his agents, those persons in active concert or participation with him who receive actual notice of such injunction by personal service or otherwise, and any other or subsequent owner of Lot 3 in Griffin Subdivision No. 4, from interfering with exercise by Phillips, and all subsequent owners of Lot 4 of Griffin Subdivision No. 4, of such riparian rights. Summary judgment is not being sought, however, as to damages for any interference by Martin with Phillips’ exercise of such rights, which already may have taken place. Assessment of such damages would be sought, instead, in the form of a jury verdict at trial.”
 

 Martin filed a response to Phillips’s partial-summary-judgment motion, and he filed his own motion for a summary judgment as to all Phillips’s claims.
 

 On September 4, 2007, the trial court entered an order granting Phillips’s motion for a partial summary judgment and denying Martin’s motion for a summary judgment. In pertinent part, the trial court’s order provided:
 

 “1. [Phillipsj’s Motion for Partial Summary Judgment was filed only as to Count Three of his Complaint, ‘Taking of littoral or riparian rights,’ seeking a determination as to the existence of such rights in this case, and further seeking an injunction against interference with the exercise thereof.
 

 “2. ... [I]t is undisputed between the parties that [Phillips] is entitled to exercise riparian rights if his real property in question abuts, adjoins or bounds a navigable body of water. [Martin], by his response, does not dispute that Weiss Lake Reservoir, which is the body of water in question, is a navigable body of water. ... Accordingly, [Phillips] is entitled to judgment as a matter of law on the issue as to which partial summary judgment is sought if there is no genuine issue of material fact as to whether [Phil-lipses real property in question ‘abuts, adjoins or bounds’ Weiss Lake Reservoir.
 

 “3. Based upon materials attached to [Phillipsj’s Motion for Partial Summary Judgment, ... there is no genuine issue of material fact as to whether Lot 4 of Griffin Subdivision No. 4 ..., which is [Phillips]’s property in question, is adjacent to Weiss Lake. Said Lot 4 is adjacent to Weiss Lake.
 

 “4. ... [T]he only question before the Court is whether either [Phillips] or [Martin] is entitled to judgment as a matter of law [on Count 3]. The Court has determined that in the absence of a genuine issue of material fact with respect to Count 3, and given applicable Alabama law, [Phillips] is, indeed, entitled to judgment as a matter of law.
 

 “5. [Phillips], and all subsequent owners of Lot 4 of Griffin Subdivision No. 4 have littoral or riparian rights (here
 
 *1016
 
 inafter referred to collectively as ‘riparian rights’) to access the water at Weiss Lake for recreational purposes across the width of land and seawall constructed by [Martin] (which remains the property of Alabama Power Company) ....
 

 “6. The Court hereby issues a permanent injunction restraining [Martin], his agents, those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, and any other or subsequent owners of Lot 3 in Griffin Subdivision No. 4 ... from interfering with exercise by [Phillips], and all subsequent owners of Lot 4 of Griffin Subdivision No. 4, of such riparian rights.
 

 “7. Summary judgment was not sought by [Phillips], and is not granted by the Court upon [Phillips]’s claim for damages for any claimed interference by [Martin] with [Phillips]’s exercise of riparian rights. [Phillips] may seek assessment of any such damages at the trial of the remaining claims in [Phillips]’s complaint.
 

 “8. As noted above, [Martin] also has filed his Motion for Summary Judgment as to Count 1 (Claim of Trespass), Count 2 (Claim of Nuisance), and Count 4 (Claim of Easement by Prescription) of [Phillips]’s Complaint; however, the Court finds that genuine issues of material fact exist with respect to such Counts. Accordingly, [Martini’s Motion for Summary Judgment is due to be, and hereby is denied.
 

 “9. It having been determined by the Court pursuant to Rule 54(a),
 
 Alabama Rules of Civil Procedure,
 
 that there is no just reason for delay with respect thereto, this Order constitutes a final judgment as to the relief granted hereby.[
 
 3
 
 ]”
 

 On September 14, 2007, Martin filed a motion seeking to have the trial court reconsider its grant of Phillips’s partial-summary-judgment motion and its denial of his summary-judgment motion. On October 5, 2007, the trial court entered an order denying Martin’s motion to reconsider.
 

 On November 5, 2007, Martin filed a notice of appeal to the supreme court. That court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
 

 Analysis
 

 Martin contends that the trial court erred when it entered a partial summary judgment in favor of Phillips on Phillips’s claim that Martin had taken his riparian rights. We do not reach the merits of this contention, however, because we determine that appellate jurisdiction is lacking in this case.
 

 Rule 4(a)(1), Ala. R.App. P., sets forth the time by which a notice of appeal must be filed. It provides in pertinent part:
 

 “Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3[, Ala. R.App.
 
 *1017
 
 P.,] shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from, or within the time allowed by an extension pursuant to Rule 77(d), Alabama Rules of Civil Procedure. In appeals from the following orders or judgments, the notice of appeal shall be filed within 14 days (2 weeks) of the date of the entry of the order or judgment appealed from: (A) any interlocutory order granting, continuing, modifying, refusing, or dissolving an injunction, or refusing to dissolve or to modify an injunction .... ”
 

 “ ‘The timely filing of a notice of appeal is a jurisdictional act.’
 
 Rudd v. Rudd,
 
 467 So.2d 964 (Ala.Civ.App.1985). The failure to appeal within the prescribed time is fatal and requires the dismissal of the appeal.
 
 Id.” Allen v. Independent Fire Ins. Co.,
 
 743 So.2d 490, 492 (Ala.Civ.App. 1999). Although neither party questions the timeliness of the filing of the notice of appeal in this case, because it is a matter of this court’s jurisdiction, we take notice of the issue
 
 ex mero motu. See Brown v. Brown,
 
 808 So.2d 40, 42 (Ala.Civ.App. 2001).
 

 In this case, the trial court entered the order appealed from on September 4, 2007; Martin filed a postjudgment motion that the trial court denied on October 5, 2007; Martin then filed his notice of appeal from the trial court’s order on November 5, 2007. If the trial court’s order constituted a final judgment because of the language in the order purporting to certify it as final under Rule 54(b), Ala. R. Civ. P., Martin’s notice of appeal was timely because he filed it within 42 days from the date on which the trial court denied his post-judgment motion.
 
 See
 
 Rule 4(a)(3), Ala. R.App. P. (The filing of a postjudgment motion suspends the time by which to file a notice of appeal.). The notice of appeal was not timely filed, however, if the trial court’s purported certification of finality was not effective to render the order a final judgment; in such case, the order remained interlocutory and Martin did not file his notice of appeal within 14 days as required by Rule 4(a)(1) for filing a notice of appeal from an interlocutory order granting an injunction. The question before us, then, is whether the language in the trial court’s partial-summary-judgment order purporting to make it a final judgment under Rule 54(b), Ala. R. Civ. P., is effective.
 

 In
 
 Grantham v. Vanderzyl,
 
 802 So.2d 1077 (Ala.2001), our supreme court stated:
 

 “Ordinarily, an appeal can be brought only from a final judgment. Ala.Code 1975, § 12-22-2. If a case involves multiple claims or multiple parties, an order is generally not final unless it disposes of all claims as to all parties. Rule 54(b), Ala. R. Civ. P. However, when an action contains more than one claim for relief, Rule 54(b) allows the court to direct the entry of a final judgment as to one or more of the claims, if it makes the express determination that there is no just reason for delay. When the trial court enters an order that disposes of one of several claims, and 1) makes the ‘express determination that there is no just reason for delay’ in making that order final and 2) expressly directs ‘the entry of judgment,’ the order is final, Rule 54(b), and thus appealable, Committee Comments on 1973 Adoption of Rule 54(b).
 

 “If an order does not completely dispose of or fully adjudicate at least one claim, a court’s Rule 54(b) certification of the order is not effective.
 
 See Haynes v. Alfa Fin. Corp.,
 
 730 So.2d 178 (Ala.1999). Damages are only one portion of a claim to vindicate a legal right, even though the damages claimed may
 
 *1018
 
 consist of several elements.
 
 See id.
 
 at 181. An order is not final if it permits a party to return to court and prove more damages or if it leaves open the question of additional recovery.
 
 See Precision American Corp. v. Leasing Serv. Corp.,
 
 505 So.2d 380, 382 (Ala.1987).”
 

 802 So.2d at 1079-80.
 

 In
 
 State v. Brantley Land, L.L.C.,
 
 976 So.2d 996 (Ala.2007), our supreme court reviewed an order, purportedly made final pursuant to Rule 54(b), in which the trial court granted the State of Alabama a fee-simple interest in certain real property it had sought to condemn but reserved the question of compensation owed the owners of the property for a trial. On appeal by the State, the supreme court addressed the propriety of the certification of finality under Rule 54(b). It stated:
 

 “In
 
 James v. Alabama Coalition for Equity, Inc.,
 
 713 So.2d 937 (Ala.1997), this Court stated:
 

 “ ‘Not every order has the element of finality necessary to trigger the application of Rule 54(b).
 
 Tanner v. Alabama Power Co.,
 
 617 So.2d 656, 656 (Ala.1993) (Rule 54(b) “confers appellate jurisdiction over an order of judgment only where the trial court ‘has
 
 completely disposed
 
 of
 
 one
 
 of a number of claims, or one of multiple parties’ ” (emphasis in
 
 Tanner)).’
 

 “713 So.2d at 941. As the
 
 James
 
 Court further stated, ‘ “[ojnly a
 
 fully adjudicated whole claim
 
 against a party may be certified under Rule 54(b).’” 713 So.2d at 942 (quoting
 
 Sidag Aktiengesellschaft v. Smoked Foods Prods. Co.,
 
 813 F.2d 81, 84 (5th Cir.1987) (emphasis in
 
 Sidag)).
 
 Similarly, in
 
 Precision American Coip. v. Leasing Seivice Corp.,
 
 505 So.2d 380, 381 (Ala.1987), this Court held that the partial summary judgment at issue in that case did not ‘completely dispose[ ] of a claim so as to make that judgment final. Rule 54(b) does not authorize the entry of final judgment on part of a single claim.’ ”
 

 976 So.2d at 999 (footnote omitted). The supreme court concluded that the trial court’s order vesting the State with title to the real property but failing to award compensation to the landowners from whom the property was taken “[did] not present [it] with a ‘fully adjudicated whole claim,’ ... and that, therefore, the trial court erred in directing the entry of a final judgment as to that order.”
 
 Id.
 
 at 1001.
 

 In
 
 Certain Underuniters at Lloyd’s, London v. Southern Natural Gas Co.,
 
 939 So.2d 21 (Ala.2006), the plaintiff, which operated approximately 14,000 miles of natural-gas pipeline, sued several insurance companies, alleging that it was entitled to liability-insurance coverage for, among other things, damages that it had been required to pay, or would be required to pay, because of environmental contamination at hundreds of sites located along its pipelines, including several compressor stations located in Alabama. Because of the complexity of the case and the number of sites involved, the trial court determined to try the case in multiple phases. The first trial phase involved the parties’ claims and defenses related to two of the compressor stations in Alabama. Following that initial trial, the trial court entered a judgment for the plaintiff, including an award of money damages, which it purported to make final pursuant to Rule 54(b). The insurance companies appealed to our supreme court.
 

 Quoting several eases, the supreme court wrote:
 

 “ ‘[F]or a Rule 54(b) certification of finality to be effective, it must fully adjudicate at least
 
 one
 
 claim or fully dispose of the claims as they relate to at least one party.’
 
 Haynes v. Alfa Fin. Corp.,
 
 730 So.2d 178, 181 (Ala.1999).
 

 
 *1019
 
 “ ‘If an order does not completely dispose of or fully adjudicate at least one claim, a court’s Rule 54(b) certification of the order is not effective.
 
 See Haynes v. Alfa Fin. Corp.,
 
 730 So.2d 178 (Ala.1999). Damages are only one portion of a claim to vindicate a legal right, even though the damages claimed may consist of several elements.
 
 See id.
 
 at 181. An order is not final if it permits a party to return to court and prove more damages or if it leaves open the question of additional recovery.
 
 See Precision American Corp. v. Leasing Serv. Corp.,
 
 505 So.2d 380, 382 (Ala. 1987).’
 

 “Grantham v. Vanderzyl,
 
 802 So.2d 1077,1080 (Ala.2001).
 

 “ ‘To be sure, the trial court
 
 recited the formula
 
 for certification of a judgment pursuant to Rule 54(b), Ala. R. Civ. P. However, “[n]ot every order has the
 
 requisite element of finality that can trigger the operation of Rule 5Jf(b).” Goldome Credit Corp. v. Player,
 
 869 So.2d 1146, 1147 (Ala.Civ. App.2003) (emphasis added). A claim is
 
 not eligible
 
 for Rule 54(b) certification unless it has been
 
 completely resolved
 
 by the judgment. In that regard, it must be remembered that “[djamages are [an element] of a claim to vindicate a legal right.”
 
 Grantham v. Vanderzyl,
 
 802 So.2d 1077, 1080 (Ala.2001).
 

 “ ‘ “Where the amount of damages is an issue, ... the recognized rule of law in Alabama is that no appeal will lie from a judgment which does not adjudicate that issue by ascertainment of the amount of those damages.”
 
 Moody v. State ex rel. Payne,
 
 351 So.2d 547, 551 (Ala.1977). “That a judgment is not final when the amount of damages has not been fixed by it is unquestionable.” “Automatic”
 
 Sprinkler Corp. of America v. B.F. Goodrich Co.,
 
 351 So.2d 555, 557 (Ala.1977) (recitation of the Rule 54(b) formula was ineffective to render appealable a judgment that resolved liability, but reserved the issue of damages for future resolution). “[T]he trial court cannot confer appellate jurisdiction upon this [C]ourt through directing entry of judgment under Rule 54(b) if the judgment is not otherwise ‘final.’ ”
 
 Robinson v. Computer Servicenters, Inc.,
 
 360 So.2d 299, 302 (Ala.1978). Thus, it is well-established that a claim for which damages are sought is insufficiently adjudicated for Rule 54(b) purposes until the element of damages is resolved; a judgment resolving only liability in an action seeking damages cannot be certified as final pursuant to Rule 54(b).
 
 Tanner v. Alabama Power Co.,
 
 617 So.2d 656 (Ala.1993).
 

 “ ‘That this case suffers from this defect is self-evident. The trial court purported to certify for appellate review the default judgment of 35 counterclaims, 29 of which sought
 
 damages
 
 that are
 
 yet to, be determined.
 
 Because the trial court’s order was ineffective to confer appellate jurisdiction over those counterclaims, the judgment, as it relates to the 29 counterclaims seeking damages, is nonfinal and nonreviewable at this time.’
 

 “Dzwonkoivski v. Sonitrol of Mobile, Inc.,
 
 892 So.2d 354, 361-62 (Ala.2004).”
 

 939 So.2d at 28-29. In
 
 Southern Natural Gas Co.,
 
 the supreme court determined that the plaintiffs “claims for relief [sought] to vindicate one legal right and allege[d] several elements of damage with respect to claims for declaratory relief and damages relating to the PCB contamination at” five of the compressor stations located in Alabama.
 
 Id.
 
 at 30 (internal
 
 *1020
 
 quotation marks omitted). It held that, although the trial court’s purported judgment adjudicated that claim as it related to two of the five compressor stations, it “necessarily le[ft] open the question of additional damages with respect to the other three compressor stations,” and, as a result, did not completely dispose of the claim.
 
 Id.
 
 (internal quotation marks omitted). Thus, the supreme court dismissed the appeal as having been taken from a nonfinal judgment.
 

 In the present case, the trial court entered a partial summary judgment in favor of Phillips on only that portion of his taking-of-riparian-rights claim seeking an injunction; it did not adjudicate that portion of the very same claim seeking money damages. As noted in
 
 Southern Natural Gas Co.,
 
 supra, damages are an element of a claim, one which, in the present case, remains unadjudicated. Because the trial court did not adjudicate the entirety of Phillips’s taking-of-riparian-rights claim, but, instead, left a portion of that claim for later determination, the trial court’s order did not qualify for certification as a final judgment under Rule 54(b). As such, the purported certification of the order was ineffective,
 
 see Southern Natural Gas Co.,
 
 supra, and the order remains interlocutory in character.
 

 As noted above, Rule 4(a)(1), Ala. R.App. P., provides that an appeal may be taken from an interlocutory order granting an injunction but that the notice of appeal must be filed within 14 days of the entry of the order. In the present case, Martin did not file his notice of appeal within 14 days of the entry of the order from which he has appealed. Because the filing of a timely notice of appeal is a prerequisite to the exercise of appellate jurisdiction,
 
 see Allen v. Independent Fire Insurance Co.,
 
 743 So.2d 490, 492 (Ala.Civ.App.1999), this court lacks jurisdiction and must dismiss the appeal.
 

 Conclusion
 

 The order appealed from, granting an injunction against Martin, the appellant, was not capable of certification as a final judgment under Rule 54(b). As a result, the language in the order purporting to certify it as such was without effect, and the order remains interlocutory in nature. Although the order was appealable because it granted an injunction, Martin did not file his notice of appeal in a timely manner, thus depriving this court of jurisdiction over his appeal. Therefore, the appeal is dismissed.
 

 APPEAL DISMISSED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . "The term ‘riparian rights’ refers to the rights of owners of land abutting a stream, while the term ‘littoral rights’ refers to the rights of owners of land abutting the surface waters of a lake or the sea. ... Courts now commonly use the word ‘riparian’ when describing water rights in either context.”
 

 Wehby v. Turpin,
 
 710 So.2d 1243, 1246 n. 2 (Ala. 1998).
 

 [2]
 

 . Though Phillips cited § 6-2-33(1), Ala.Code 1975, we assume he was referring to § 6-2-33(2), which provides a 10-year statute of limitations “for the recovery of lands, tenements or hereditaments, or the possession thereof ....”
 

 [3]
 

 . Although the trial court cited Rule 54(a), Ala. R. Civ. P., in its order, we assume the trial court was referring to Rule 54(b), the first sentence of which reads:
 

 "When
 
 more
 
 than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.”