Nancy Lofton appeals from an order of the Mobile County Probate Court holding that her proof was insufficient to support the finding of a common law marriage between her and the late Walter Weaver. Because we must presume that the trial judge's findings of fact are correct, we affirm the judgment of the trial court.
The Mobile County Probate Court granted letters of administration on Weaver's estate to Nancy Lofton. One of Weaver's daughters filed two petitions as heir of Weaver; one petition requested revocation of the letters of administration granted to Lofton and the other requested that letters of administration be issued to the daughter. The probate court did not rule on either petition.
Lofton, as administratrix of Weaver's estate and claiming to be Weaver's common law wife, subsequently filed a motion to determine heirship. After hearing conflicting ore tenus evidence from both sides as to the facts of Lofton's six-year relationship with Weaver, the trial court held that Lofton had not presented clear and convincing proof that their relationship met the requirements for a common law marriage in Alabama.[1]
"Courts of this state closely scrutinize claims of common law marriage and require clear and convincing proof thereof."Baker v. Townsend, 484 So.2d 1097, 1098 (Ala.Civ.App. 1986), citing Walton v. Walton, 409 So.2d 858 (Ala.Civ.App. 1982). A trial judge's findings of facts based on ore tenus evidence are presumed correct, and a judgment based on those findings will not be reversed unless they are found to be plainly and palpably wrong. Copeland v. Richardson, 551 So.2d 353, 354
(Ala. 1989). The trial court's judgment must be viewed in light of all the evidence and all logical inferences therefrom, and it "will be affirmed if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment."Adams v. Boan, 559 So.2d 1084, 1086 (Ala. 1990) (citation omitted).
The evidence was disputed. We cannot say that the probate judge erred in finding that there had been no common law marriage between Lofton and Weaver. That finding was supported by credible evidence.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.
[1] Adams v. Boan, 559 So.2d 1084, 1086 (Ala. 1990), and Copelandv. Richardson, 551 So.2d 353, 354 (Ala. 1989), set forth the elements required for a common law marriage in Alabama.