Brenda Butler appeals from the Houston Circuit Court's judgment holding that no common-law marriage existed between her and Billy Joe Coonrod ("the deceased"), and therefore, that she was not entitled to a share of the deceased's estate under Ala. Code 1975, § 43-8-90. Our supreme court transferred this case pursuant to Ala. Code 1975, § 12-2-7(6).
The only issue for our review is whether the trial court plainly and palpably erred in determining that no common-law marriage existed between Butler and the deceased. Upon a thorough review of the record, we affirm.
The trial court conducted an ore tenus hearing and heard testimony from 22 witnesses and reviewed numerous documents and exhibits. When reviewing the trial court's determination following ore tenus proceedings, this court must first "determine if the record contains any competent evidence supporting the trial judge's final decree." Etheridge v.Yeager, 465 So.2d 378, 380 (Ala. 1985). It is the trial court's duty to resolve conflicts in the evidence. Baker v. Townsend,484 So.2d 1097, 1098 (Ala.Civ.App. 1986). "When the trial court hears [ore tenus evidence], its decision will not be disturbed on appeal, if it is supported by credible evidence and is not plainly and palpably wrong." Id.
The trial court's determination that Butler and the deceased did not have a common-law marriage was not plainly and palpably wrong.
 "This Court has recently reaffirmed the requirements for a common-law marriage in Alabama in Etheridge v. Yeager, 465 So.2d 378 (Ala. 1985). In that opinion, citing various cases as precedent, we held that while no ceremony or particular words are necessary, there are common elements which must be present, either explicitly expressed or implicitly inferred from the circumstances, in order for a common-law marriage to exist. Those elements are: 1) capacity; 2) present, mutual agreement to permanently enter the marriage relationship to the exclusion of all other relationships; and 3) public recognition of the relationship as a marriage and public assumption of marital duties and cohabitation."
Boswell v. Boswell, 497 So.2d 479, 480 (Ala. 1986) (citations omitted). "No specific words of assent are required; present intention is inferred from cohabitation and public recognition." Waller v. Waller, 567 So.2d 869, 869-70
(Ala.Civ.App. 1990) (citation omitted). See also Swann v. Swann,627 So.2d 429 (Ala.Civ.App. 1993).
It is undisputed that both Butler and the deceased had the capacity to enter into a marital relationship. The record shows that at the time they began their cohabitation both of them were divorced from their previous spouses and that neither of them had been ceremonially married to anyone else since being divorced.
We conclude, however, that Butler did not present clear and convincing evidence to support a finding of the other elements of a common-law marriage. See Lofton v. Estate of Weaver,611 So.2d 335 (Ala. 1992). Butler presented the testimony of witnesses who seldom came into contact with Butler and the deceased. These witnesses included an Avon salesperson who testified that the deceased told her he was not interested in her products, but that his wife might be; a television repairman who inquired of the deceased who the woman in the house was and who received a response in which the deceased referred to Butler as his wife; a lady who, upon the death of her mother-in-law, had received flowers with a card signed "Brenda and Billy Joe Coonrod"; the chief of police in a nearby community who thought Brenda and the deceased were married; the owner of a local grocery store who thought Brenda and the deceased were married and who had named them both on a customer ticket; Brenda's cousin, whom Brenda had not seen in 12 years, who testified that Brenda had introduced the deceased as her husband; and *Page 752 
Brenda's sister-in-law, who had sent Christmas cards addressed to "Brenda and Billy Joe Coonrod."
Butler's own testimony negates her claim of a common-law marriage. She testified that although she cohabitated with the de ceased for nine years, she had left on several occasions; that neither she nor the deceased told the deceased's family that they were married; that she had used the name "Coonrod" on only one occasion; that she had her own banking account; that she and the deceased did not file joint tax returns; that everyone in the community knew her as "Brenda Butler"; that her driver's license and Social Security card carried the name "Brenda Butler"; that she was not allowed to sign checks for the deceased; that she and the deceased did not have joint credit cards; and that the deceased never told her that he would marry her. Butler claims she and the deceased exchanged wedding rings, but she could not produce as evidence the deceased's ring. Butler also contends that she and the deceased had taken a "honeymoon" trip with another couple, but she testified that neither she nor the deceased told the other couple that this was a "honeymoon" trip. Her testimony supports the trial court's determination that a common-law marriage did not exist.
The trial court considered several documents in making its decision. The deceased's marital status was listed as "single" or "divorced" on the certificate of death, an application for automobile insurance, and hospital admission records. These documents also support the trial court's determination.
The co-executors of the deceased's estate, Curtis and Ernestine Coonrod, presented substantial evidence indicating that a common-law marriage did not exist. The witnesses included several of the deceased's friends and family members and included residents of the community in which the deceased lived. All of these witnesses testified that the deceased and Butler did not hold themselves out in the community as being husband and wife (no public recognition); that they did not refer to each other as husband and wife (no present mutual intent to enter into the marriage relationship); that Butler did not use the name "Coonrod"; and that the deceased never gave any indication that he intended to marry Butler. Accordingly, the trial court's finding that no common-law marriage existed between Butler and the deceased is not plainly and palpably wrong.
The judgment of the trial court is due to be affirmed.
The appellee's request for an attorney fee is denied.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.