713 So.2d 987 (1998)
Alvin COLEMAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 92134.
Supreme Court of Florida.
June 12, 1998.
*988 James B. Gibson, Public Defender, and Kenneth Witts, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, for Petitioner.
Robert A. Butterworth, Attorney General, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Respondent.
PER CURIAM.
We have for review the decision in Coleman v. State, 702 So.2d 307 (Fla. 5th DCA 1997), which certified conflict with the opinion in Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996), concerning the issue of whether additional sentencing points for carrying or possessing a firearm during the commission of a crime may be added to a defendant's sentencing score where the defendant is convicted of carrying a concealed weapon or possession of a firearm by a convicted felon. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Recently, we resolved this conflict in White v. State, 714 So.2d 440 (Fla.1998), wherein we held that it is error for a trial court to assess additional sentencing points for possessing a firearm where the sole underlying crime is carrying a concealed firearm or possession of a firearm by a convicted felon. In other words, rule 3.702(d)(12) of the Florida Rules of Criminal Procedure and section 921.0014, Florida Statutes (1993), do not contemplate the addition of sentencing points for carrying or possessing a firearm where the carrying or possession of a firearm is the essential element of the underlying offense. In so holding, we approved the Fourth District's decision in Galloway.
Therefore, in accordance with our decision in White, we quash the decision below.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.
WELLS, J., dissents.