The State of Alabama appeals from an order entered by the Lee Circuit Court in an action filed by the State seeking to condemn various parcels of land for use by the Alabama Department of Transportation ("ALDOT"). The action was filed against Brantley Land, L.L.C.; Tiger Crossing, an Alabama General Partnership; Eagle Management, L.L.C.; Redd Family Partnership, L.L.L.P.; Links Crossing, L.L.C.; Spirit of Auburn, Inc.; Oline Price, as revenue commissioner of Lee County; and unknown persons owning or having an interest in the land at issue.[1] The State appeals from an order that was certified as final pursuant to Rule 54(b), Ala. R. Civ. P. We must dismiss the appeal, however, because the order does not meet the requirements to be eligible for certification under Rule 54(b).
In September 2004, the State filed an action in the Lee County Probate Court seeking to condemn the parcels of land at issue; the respective defendants either owned or had a lien on or other interest in the various parcels. The probate court entered an order partially granting and partially denying the State's condemnation application, and it appointed commissioners to assess the compensation that was due the defendants for the property it had ordered condemned. In November 2004, after receiving the commissioners' compensation report, the probate court entered an order of condemnation awarding the defendants $1,079,260. The State paid this amount into the probate court, and it appealed to the Lee Circuit Court for a trial de novo.See Ala. Code 1975, § 18-1A-283 (governing appeals from an order of condemnation) and § 18-1A-286 (governing appeals from an order denying an application for condemnation).
In March 2005, the State filed an amended complaint in the circuit court. In its complaint, the State alleged that the land it sought to condemn included several "strips of land" that "will be used for the expansion, improvement, widening, beautifying, and restoring" of Alabama Highway 29, also known as South College Street, in Auburn ("the land at issue"). The State sought fee-simple title to some of these "strips of land" and, as to the remaining land at issue, it sought "a right of way or temporary construction easement that will allow [the State] to complete its work on Highway 29."
In response to the State's amended complaint, several defendants filed an answer denying certain of the material allegations in the complaint, and alleging, among other things, that the State sought "to acquire both property or lands and interest, title, or rights broader and greater in scope than necessary for the purposes set out in the Amended Complaint." The defendants further alleged that the State's "decision . . . to condemn the lands of the Defendants is arbitrary, capricious, and bears no relation to the health, safety, morals, or general welfare of the residents of the State of Alabama."[2] *Page 998 
The State filed a motion titled "Motion to Dismiss, Motion for Judgment on the Pleadings, or, in the Alternative, Motion for Summary Judgment," arguing that it was entitled to a judgment as a matter of law on the issue whether the defendants could challenge the determination of ALDOT as to the necessity of the taking at issue. The State contended that § 23-1-45, Ala. Code 1975, authorized "the Director of Transportation . . . to acquire the rights-of-way deemed necessary by the State Department of Transportation for the construction of a state road, . . . by the exercise of the right of eminent domain in condemnation proceedings" and that, in the absence of fraud or an abuse of discretion, ALDOT's determination at to the necessity of taking a particular tract of land was not subject to judicial review.
After the State filed its motion, the parties submitted evidence and briefs to the circuit court as to the issue of the necessity of the taking. Thereafter, the circuit court held hearings on the issue and, in September 2005, it entered an order holding that as to certain portions of the land at issue the State's proposed taking "was excessive and in part unnecessary." The court concluded that "the State of Alabama can achieve the purposes set forth in the Complaint through a reduction in its fee simple taking and the granting of easements." Thereafter, the trial court set the case for trial to determine the amount of compensation the State must pay for the partial condemnation the trial court had ordered.
The State filed a motion it styled as a "Rule 59 Motion to Alter, Amend, or Vacate the Judgment, or in the Alternative, Motion for a New Trial." The State later filed an "Amendment/Supplement" to its motion, in which it requested that the circuit court clarify certain aspects of the September 2005 order before the time for ruling on its motion would, according to the State, expire by operation of law pursuant to Rule 59.1, Ala. R. Civ. P.[3]
In October 2005, the State filed a motion requesting that the circuit court enter a certification pursuant to Rule 5, Ala.R.App. P., so the State might request permission to appeal as to four issues it alleged were explicitly or implicitly addressed in the September 2005 order. Contemporaneously with the filing of its motion for Rule 5 certification, the State also filed a motion requesting that the circuit court certify the September 2005 order as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.
A few days after the State filed its Rule 5 and Rule 54(b) motions, the circuit court entered an order granting the State's motion for a Rule 5 certification. Thereafter, several of the defendants filed an objection to the certification and requested that the circuit court reconsider whether Rule 5 certification was appropriate.
In November 2005, the State filed a motion requesting that the circuit court enter an order vacating its Rule 5 certification because, it said, the certification did not comply with the requirements contained in Rule 5, in that the presumptively reasonable period within which the State Could file a petition for permission to appeal had expired and the State desired to make both factual and legal arguments on appeal that might not be permitted in a Rule 5 permissive appeal. Thereafter the circuit court entered an order vacating its Rule 5 certification.
In January 2006, the circuit court entered a new order, which vacated the September *Page 999 
2005 order. In part, the January 2006 order states: "[T]he Court hereby denies the [State's] Motion for Summary Judgment on the Issue of Necessity and the [State's] Right to Condemn." The order also states that the State's proposed taking of certain portions of the land at issue "was excessive and in part unnecessary," that the State had abused its discretion, and that "the State of Alabama can achieve the purposes set forth in the Amended Complaint through a reduction in its fee simple taking and the granting of easements." The circuit court granted the State a fee-simple interest as to certain portions of the land at issue, and, as to the remainder of the land at issue, it granted the State a permanent easement for certain purposes. The January 2006 order did not purport to address the issue of what compensation was due the defendants for the State's takings. The circuit court entered a Rule 54(b) certification as to its January 2006 order, and the State appealed.
The State raises several issues regarding whether the circuit court erred when it determined that the State was entitled to less than fee-simple title to the parcels of land at issue. As the defendants have correctly argued in their appellate brief, however, this Court cannot address the merits of the State's arguments because the circuit court erred in directing the entry of a final judgment under Rule 54(b). We therefore must dismiss the State's appeal for want of jurisdiction.
Rule 54(b), Ala. R. Civ. P., provides, in pertinent part:
 "When more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."
(Emphasis added.)
In James v. Alabama Coalition for Equity, Inc.,713 So.2d 937 (Ala. 1997), this Court stated:
 "Not every order has the element of finality necessary to trigger the application of Rule 54(b). Tanner v. Alabama Power Co., 617 So.2d 656, 656 (Ala. 1993) (Rule 54(b) `confers appellate jurisdiction over an order of judgment only where the trial court "has completely disposed of one of a number of claims, or one of multiple parties"' (emphasis in Tanner))."
713 So.2d at 941. As the James Court further stated, "'[o]nly a fully adjudicated whole claim against a party may be certified under Rule 54(b).'" 713 So.2d at 942 (quotingSidag Aktiengesellschaft v. Smoked Foods Prods. Co.,813 F.2d 81, 84 (5th Cir. 1987) (emphasis in Sidag)). Similarly, in Precision American Corp. v. Leasing ServiceCorp., 505 So.2d 380, 381 (Ala. 1987), this Court held that the partial summary judgment at issue in that case did not "completely dispose of a claim so as to make that judgment final. Rule 54(b) does not authorize the entry of final judgment on part of a single claim."[4] *Page 1000 
The State's condemnation action includes condemnation claims against several defendants as to their interests in several parcels of land. As to each defendant who owns or has an interest in one of the parcels at issue, the January 2006 order either purports to award the State fee-simple title to that defendant's land or purports to award the State a permanent easement over that defendant's land. The January 2006 order doesnot purport to assess the damages or compensation the State must pay any of the defendants for the interest awarded. The circuit court specifically reserved that issue for trial.
In McGowin Investment Co. v. Johnstone,291 Ala. 714, 287 So.2d 835 (1973), this Court dismissed as premature an appeal from an order granting a condemnation application but reserving the issue of damages for later proceedings. In part,McGowin states:
 "This court has been unable to find any Alabama condemnation case in which an appeal was allowed prior to assessment of damages. Additionally, no case of any nature in this state has been cited to this court in which an appeal was permitted prior to an adjudication by the trial court on the issue of damages.
 ". . . .
 "Moreover, the provisions of Title 19, § 24, Code of Alabama 1940, providing for a deposit or payment into court of the damages assessed in condemnation cases in order to secure entry pending appeal, as well as the provisions of Title 19, § 25, providing for payment of damages within six months after appeal is determined, together seem clearly to indicate that the legislature intended that judgments in condemnation cases become final only after assessment of damages."
291 Ala. at 715-16, 287 So.2d at 836-37; see also
Ala. Code 1975, §§ 18-1A-288 and 18-1A-289 (current condemnation Code provisions governing appeals after
the assessment of damages).
Moreover, in Tanner v. Alabama Power Co.,617 So.2d 656, 657 (Ala. 1993), this Court stated that "the trial court, in granting [Alabama Power Company's] application for condemnation without adjudicating the issue of damages, failed to `completely dispose' of [Alabama Power Company's] claim." The Court concluded that "the trial court's attempted Rule 54(b) certification was ineffective to transform its condemnation order into a final judgment. Consequently, we are compelled to dismiss the appeals as premature." 617 So.2d at 657. SeeMoody v. State ex rel. Payne, 351 So.2d 547, 551 (Ala. 1977) ("Where the amount of damages is an issue, as here, the recognized rule of law in Alabama is that no appeal will lie from a judgment which does not adjudicate that issue by ascertainment of the amount of those damages."). See alsoGrantham v. Vanderzyl, 802 So.2d 1077, 1080 (Ala. 2001) ("Damages are only one portion of a claim to vindicate a legal right, even though the damages claimed may consist of several elements."); *Page 1001 Ex parte Simmons, 791 So.2d 371, 381 (Ala. 2000) ("Rule 54(b) applies only to entire claims, not to orders relating to the recoverability of some, but not all, of the damages a party may be seeking as the result of a claim."); and Haynes v.Alfa Fin. Corp., 730 So.2d 178, 181 (Ala. 1999) (holding that the Rule 54(b) certification at issue was ineffective where the order "addressed only the question of what species of damages Haynes might recover if he succeeded at trial on one of his substantive claims").
Like the orders at issue in McGowin andTanner, the January 2006 order in the present case did not purport to award compensation to any of the defendants for the interest in the property awarded the State. In an effort to distinguish McGowin and Tanner, however, the State argues that those cases involved premature appeals from granted condemnation petitions, while the present case involves
 "an appeal of the denial of a portion of the State's condemnation claim. To the extent that the Trial Court denied a portion of the State's claim, there will be no jury trial on just compensation as to the denied claim. Thus, to the extent that it denies the State's condemnation, the Trial Court's Amended Order is final, and there are no other proceedings forthcoming in connection with said denial."
The State cites no legal authority for the proposition that an order condemning a lesser interest in a defendant's land than that which the State sought in its complaint, but that refrains from making a corresponding award of compensation required by law for the interest awarded, is an order that "completely dispose[s] of one . . . claim." James,713 So.2d at 941. We think it evident that it is not. That is, we are clear to the conclusion that the trial court's January 2006 order does not present us with a "fully adjudicated whole claim,"id., and that, therefore, the trial court erred in directing the entry of a final judgment as to that order.
In light of the foregoing, we must dismiss the State's appeal as being from a nonfinal judgment.
APPEAL DISMISSED.
COBB, C.J., and SEE, LYONS, WOODALL, STUART, SMITH, and PARKER, JJ., concur.
BOLIN, J., concurs in the result.
[1] Charter Bank, which allegedly held a mortgage on some of the property at issue, also was named as a defendant. Charter Bank filed a disclaimer pursuant to Ala. Code 1975, § 18-1A-90, however, and the circuit court "removed" it as a defendant.
[2] The record reflects a dispute among the parties as to whether certain of the defendants filed a valid inverse-condemnation counterclaim as to a portion of one parcel of the land at issue. The trial court has not adjudicated the counterclaim, and the counterclaim is not pertinent to our opinion in the present case.
[3] Because no final judgment had been entered when the State filed the documents denominated as a "Rule 59" motion and an "Amendment/Supplement" to the "Rule 59 motion," Rules 59 and 59.1 were inapplicable. The motion and amendment were, in fact, motions to reconsider the interlocutory September 2005 order.
[4] After citing Precision American Corp., this Court in Scrushy v. Tucker, 955 So.2d 988 (Ala. 2006), cited 10 Charles Alan Wright, Arthur R. Miller Mary Kay Kane, Federal Practice and Procedure § 2657 (3d ed. 1998), for the proposition that
 "when a claimant presents a number of legal theories, but will be permitted to recover only on one of them, the bases for recovery are mutually exclusive, or simply presented in the alternative, and plaintiff has only a single claim for relief for purposes of Rule 54(b). Similarly, when [a] plaintiff is suing to vindicate one legal right and alleges several elements of damage, only one claim is presented and subdivision (b) [of Rule 54] does not apply."
In Scrushy, this Court quoted with approval analysis provided by other authorities: "`[C]ertain points of agreement emerge from the cases. For instance, "[i]t is clear that a claimant who presents a number of alternative legal theories, but whose recovery is limited to only one of them, has only a single claim of relief for purposes of Rule 54(b)."'"Scrushy, 955 So.2d at 997 (quoting Samaad v. Cityof Dallas, 940 F.2d 925, 931 (5th Cir. 1991), quoting in turn Page v. Preisser, 585 F.2d 336, 339 (8th Cir. 1978)); also, "`[t]he first rule [of thumb] is that "claims cannot be separate unless separate recovery is possible on each.Scrushy, 955 So.2d at 998 (quoting Steams v.Consolidated Mgmt., Inc., 747 F.2d 1105, 1108-09 (7th Cir. 1984), quoting in turn Local P-171 Amalgamated MeatCutters v. Thompson Farms Co., 642 F.2d 1065, 1070 (7th Cir. 1981)).