THOMPSON, Presiding Judge.
 

 Linda Lee Cochran appeals from a purported final judgment of the Mobile Circuit Court finding that she and Joseph P. Chapman are married by virtue of the common law. For the reasons set forth herein, we determine that the trial court’s order did not constitute a final judgment, and, therefore, we dismiss the appeal for lack of appellate jurisdiction.
 

 On June 8, 2007, Chapman filed a complaint for a divorce against Cochran. Among other things, he alleged in his complaint that he and Cochran had married on December 31, 1989, and had lived together until their separation on June 1, 2007. In her answer to the complaint, Cochran denied that she and Chapman were married.
 

 The trial of the matter on November 14, 2007, focused on whether the parties had entered into a common-law marriage; it was apparently conceded that if they were married, it was solely by virtue of the common law. On November 20, 2007, the trial court issued a judgment determining that the parties had not entered into a common-law marriage.
 

 On December 5, 2007, Chapman filed a motion to alter, amend, or vacate the trial court’s judgment. He argued that sufficient evidence was offered at the trial to indicate that the parties were married by virtue of the common law and that the trial court’s judgment was contrary to pleadings that Cochran had filed in a previous divorce action between the parties that had been dismissed. On February 11, 2008, the trial court granted Chapman’s motion and vacated its November 20, 2007, judgment. In its order, the trial court found that the parties had, in fact, entered into a common-law marriage. The trial court set the case for a trial on July 23, 2008.
 

 On February 28, 2008, Cochran filed a motion asking the trial court to certify the February 11, 2008, order as final pursuant to Rule 54(b), Ala. R. Civ. P. The trial court granted Cochran’s motion. Thereafter, Cochran appealed the trial court’s February 11, 2008, order.
 

 In his brief on appeal, Chapman contends, among other things, that this court lacks jurisdiction over this appeal. We agree.
 

 “An appeal ordinarily will lie only from a final judgment — i.e., one that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.”
 
 Bean v. Craig,
 
 557 So.2d 1249, 1253 (Ala.1990). Rule 54(b), Ala. R. Civ. P., provides an exception to this rule. It reads, in pertinent part:
 

 “When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.”
 

 
 *1246
 
 Discussing the propriety of a Rule 54(b) certification of finality, this court recently wrote:
 

 “In
 
 State v. Brantley Land, L.L.C.,
 
 976 So.2d 996 (Ala.2007), our supreme court reviewed an order, purportedly made final pursuant to Rule 54(b), in which the trial court granted the State of Alabama a fee-simple interest in certain real property it had sought to condemn but reserved the question of compensation owed the owners of the property for a trial. On appeal by the State, the supreme court addressed the propriety of the certification of finality under Rule 54(b). It stated:
 

 “ ‘In
 
 James v. Alabama Coalition for Equity, Inc.,
 
 713 So.2d 987 (Ala. 1997), this Court stated:
 

 “ ‘ “Not every order has the element of finality necessary to trigger the application of Rule 54(b).
 
 Tanner v. Alabama Power Co.,
 
 617 So.2d 656, 656 (Ala.1993) (Rule 54(b) ‘confers appellate jurisdiction over an order of judgment only where the trial court “has
 
 completely disposed
 
 of
 
 one
 
 of a number of claims, or one of multiple parties” ’ (emphasis in Tanner)).”
 

 “‘713 So.2d at 941. As the
 
 James
 
 Court further stated, “ ‘[o]nly a
 
 fully adjudicated whole claim
 
 against a party may be certified under Rule 54(b).’” 713 So.2d at 942 (quoting
 
 Sidag Aktiengesellschaft v. Smoked Foods Prods. Co.,
 
 813 F.2d 81, 84 (5th Cir.1987) (emphasis in Sidag)). Similarly, in
 
 Precision American Corp. v. Leasing Service Coup.,
 
 505 So.2d 380, 381 (Ala.1987), this Court held that the partial
 
 summary
 
 judgment at issue in that case did not “completely dispose[ ] of a claim so as to make that
 

 judgment final. Rule 54(b) does not authorize the entry of final judgment on part of a single claim.” ’
 

 “976 So.2d at 999 (footnote omitted). The supreme court concluded that the trial court’s order vesting the State with title to the real property but failing to award compensation to the landowners from whom the property was taken ‘[did] not present [it] with a “fully adjudicated whole claim,” ... and that, therefore, the trial court erred in directing the entry of a final judgment as to that order.’
 
 Id.
 
 at 1001.”
 

 Martin v. Phillips,
 
 7 So.3d 1012, 1018 (Ala.Civ.App.2008).
 

 In the present case, Chapman’s complaint sets forth a single claim for relief: a divorce from Cochran with the attendant division of marital property and debt. The question whether the parties are married does not constitute a discrete “claim” within the case; instead, it is a constituent part of Chapman’s single claim for a divorce. Thus, the trial court’s order setting aside its final judgment and determining that the parties had entered into a common-law marriage does not “fully adjudicate a whole claim,” as was necessary to make the order subject to a certification of finality under Rule 54(b).
 

 This court has previously noted that it disfavors the adjudication of divorce cases in piecemeal fashion.
 
 See Morrison v. Morrison,
 
 1 So.3d 1052 (Ala.Civ.App.2008) (citing
 
 Flores v. Flores,
 
 978 So.2d 791 (Ala. Civ.App.2007), and
 
 Blythe v. Blythe,
 
 976 So.2d 1018, 1020 n. 3 (Ala.Civ.App.2007)). Such an observation is particularly true, where, as here, the judgment from which the appellant appeals does not even determine whether the parties should be divorced in the first instance.
 
 [1]
 

 
 *1247
 
 Based on the foregoing, we conclude that it was inappropriate for the trial court to certify as final under Rule 54(b) its order holding that Chapman and Cochran were married by virtue of the common law. Thus, the order from which Cochran appeals is not a final judgment, and, as a result, this court lacks jurisdiction over her appeal. Her appeal is therefore due to be dismissed.
 
 See Trousdale v. Tubbs,
 
 929 So.2d 1020,1023 (Ala.Civ.App.2005).
 

 APPEAL DISMISSED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . We note that in our previous decision in
 
 Buford v. Buford,
 
 874 So.2d 562 (Ala.Civ.App. 2003), this court resolved an appeal from an order, certified as final under Rule 54(b), in
 
 *1247
 
 which the trial court had found that a common-law marriage existed between the parties but had not resolved the underlying claim for a divorce. The court made no express finding of appellate jurisdiction in that case. That an implied finding of jurisdiction may arise from
 
 Buford
 
 does not control the resolution of the question of jurisdiction in the present case. As our Supreme Court has said with regard to issues of jurisdiction not specifically decided in a previous case:
 

 "For a case to be stare decisis on a particular point of law, that issue must have been raised in the action, decided by the court, and its decision made part of the opinion of the case; accordingly, a case is not binding precedent on a point of law where the holding is only implicit or assumed in the decision but is not announced.”
 

 " ‘20 AmJur.2d
 
 Courts
 
 § 153 (1995) (footnotes omitted). As our Supreme Court recently observed, "[arguments based on what courts do not say, logically speaking, are generally unreliable and should not be favored by the judiciary;
 
 this is especially true when the judiciary is faced with, as we are here, a contrary constitutional mandate.” Ex parte James,
 
 836 So.2d 813, 818 (Ala. 2002) (emphasis added).
 
 See also Penn-hurst State School & Hosp. v. Halderman,
 
 465 U.S. 89, 119, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (" 'When questions of jurisdiction have been passed on in prior decisions
 
 sub silentio,
 
 this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us.’ ” (quoting
 
 Hagans v. Lavine,
 
 415 U.S. 528, 533 n. 5, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974))); and
 
 American Portland Cement Alliance v. Environmental Protection Agency,
 
 101 F.3d 772, 776 (D.C.Cir.1996) ("That the court has taken jurisdiction in the past does not affect the analysis because jurisdictional issues that were assumed but never expressly decided in prior opinions do not thereby become precedents.”).’ ”
 

 Ex parte Town of Lowndesboro,
 
 950 So.2d 1203, 1209-10 (Ala.2006) (quoting
 
 Alabama Dep’t of Envtl. Mgmt. v. Lowndesboro,
 
 950 So.2d 1180, 1194-95 (Ala.Civ.App.2005)).