DONALDSON, Judge.
Bobbie B. Boddie (“the father”) seeks our review of an order entered by the Shelby Circuit Court (“the trial court”), finding that no common-law marriage existed between him and Shelia C. Boddie (“the mother”) in the period after their divorce. Although the’ order was certified by the trial court as final pursuant to Rule 54(b), Ala. R. Civ. P., the father did not appeal. Instead, the father sought permissive review of the order under Rule 5, Ala. R. App, P., or, alternatively, a writ of mandamus directing the trial court to vacate that order. For the reasons below, we deny the requested relief.
Facts and Procedural History
' The materials submitted by the parties indicate the following. The parties have three children, all born on June 26, 2001. On January 4, .2007, the trial court entered a judgment divorcing the father and the mother. The divorce judgment incorporates an agreement between the parties, According to the parties’ agreement, the parties were to share custody of the children, “meaning] shared parental responsibility” for “major decisions, affecting the health and welfare of the children,” and *257 the mother had “primary physical custody” of the children. The father was ordered to pay $2,500 a month in child, support in accordance with the parties’ agreement.
On November 26,2014, the father filed a petition to modify the divorce judgment, seeking a reduction in his monthly child-support obligation. The parties filed in the trial court an- agreement to reduce the father’s child-support obligation to $1,176 a month, and the trial court entered a modification judgment based on that agreement.
On July 24, 2015, the father married another woman.
On November 23, 2015, the mother filed a petition seeking a finding of contempt against the father and seeking to modify the divorce judgment. The mother alleged that the father owed her an arrearage in the sum of $169,591 for deficient child-support payments spanning from January 2007 through August 2015. She also alleged that the father had failed to pay for one-half of the medical expenses for their children as ordered in the divorce judgment. The mother also sought to modify the father’s visitation rights and her obligation to maintain life insurance for the children under the divorce judgment.
On March 29, 2016, the father filed a “Request for Declaratory Judgment and Injunctive' Relief.” According to the father’s allegations, from the time of the divorce until they separated in 2012, he and the mother had a common-law marriage, which, he said, had never been legally dissolved. The father alleged that he did not realize that he was still married at common law to the mother when he purportedly married another woman in 2015. The father sought a judgment declaring the existence of the parties’ common-law marriage and declaring that the mother is not entitled to the relief requested in her petition. ■ .He also- sought to enjoin the mother from pursuing, her petition. .
Oh October 18, 2016, the trial court entered an order, stating: ■ ■ ' ■
“This cause came before the court May 3, 2016, for hearing on [the father’s] Request for Declaratory Judgment and Injunctive Relief. The Court received testimony'in this cause,'1 both parties being present in open court and represented by their respective counsel of record. The Court has considered the pleadings and the proof, including ore tenus testimony by the parties, evidence presented and witnesses testimony, together with the demeanor of the parties, and upon close scrutiny thereof finds that [the father] has failed to meet his burden of proving the existence of a common law marriage, between the parties by clear and convincing evidence, which has been defined as:
“ ‘ “[e]vidence that, when weighed against evidence in opposition, will produce in 'the mind of the trier of fact a firm conviétion as'to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.” ’ § 6—11—20(b)(4), Ala. Code 1975. ■ 1
“The evidence presented does not rise to the level required for finding that a common-law marriage existed. The law as it relates to judicial recognition of a common-law marriage requires proof of the following elements: (1) capacity; (2) present, mutual .agreement'to permanently enter the marriage relationship to the exclusion of all other relationships; and (3) public recognition of the relationship as a marriage and public assump *258 tion of marital duties and cohabitation. Gray v. Bush, 835 So.2d 192, 194 (Ala. Civ. App. 2001). In this cause, the only element established by clear and convincing evidence is that of capacity; the evidence is not clear and convincing that the parties had a present, mutual agreement to enter into the marriage relationship to the exclusion of all other relationships, nor that there had been public recognition of their, relationship as a marriage and public assumption of marital duties.
“Wherefore, the Court hereby finds that there is no marriage in this case. Accordingly, [the father’s] relief requested is hereby DENIED.'All remaining issues in the instant case will be set for trial via separate order.” ■ :
(Capitalization in original.)
Upon the father’s motion and over the mother’s objection, the trial court entered an order on November 11, 2016, certifying the October 18, 2016, order as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. On November 11, 2016, the father filed a motion to amend the language in that order, and, on November 15, 2016, the trial court entered an order, stating, in relevant part:
. “This cause is before the court on [the father’s] MOTION FOR CERTIFICATION OF FINAL JUDGMENT PURSUANT TO RULE 54(B) filed by [the father] and the objection thereto filed by [the mother]. Based on due consideration thereof, the motion is hereby GRANTED. The court expressly determines that there is no just reason for delay, and hereby expressly directs entry of judgment against [the father] in connection with its October 18, 2016, order. The court hereby certifies such order on [the father’s] REQUEST FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF as a Final Judgment pursuant to Rule 54(b), Ala. R. Civ. Pro.”
(Capitalization in original.)
On November 29, 2016, the father filed in the supreme court a petition for permission to appeal pursuant to Rule 5, Ala. R. Civ. P., and, in the alternative, a petition for a writ of mandamus. On January TO, 2017, the supreme court transferred the petition to this court pursuant to § 12-3-10, Ala. Code 1975.[1]
Discussion
The father requested permission to appeal the October 18, 2016, order pursuant to Rule 5, Ala. R. App. P. Rule 5(a) provides:
“A party may request permission to appeal from an interlocutory order in civil actions under limited circumstances. Appeals of interlocutory orders are limited to those civil cases that are within the original appellate jurisdiction of the Supreme Court. A petition to appeal from an interlocutory order must contain a certification by the trial judge that, in the judge’s opinion, the interlocutory or *259 der involves a controlling question of law as to which there is substantial ground for difference of opinion, that an immediate appeal from the order would materially advance the ultimate termination of the litigation, and that the appeal would avoid protracted and expensive litigation. The trial judge must include in the certification a statement of the controlling question of law.”
Accordingly, in order for the father to properly pursue a permissive appeal in this case, the appeal would have to arise from a civil case within the . supreme court’s original appellate jurisdiction. “[T]he rule [does not] apply to cases ap-pealable to the Court of Civil Appeals.” Committee Comments, Rule 5, Ala. R. App. P. “The Court of Civil Appeals shall have exclusive appellate jurisdiction of ... all appeals in domestic relations cases, including annulment, divorce, adoption, and child custody cases .... ” § 12-3-10. As a result, this court has exclusive appellate jurisdiction of this matter, which arises from a domestic-relations case, and the limited circumstances required by Rule 5 are not present. See Ex parte McMichael, 62 So.3d 465, 473 (Ala. 2010)(holding that this court had exclusive appellate jurisdiction of issue arising from an order entered in a domestic-relations case). Furthermore, a permissive appeal must include a certification from .the trial court “that, in the judge’s opinion, the interlocutory order involves a controlling question of law as to which there is substantial ground for difference of opinion, that, an immediate appeal from the order would materially advance the ultimate termination of the’ litigation, and that the appeal would avoid protracted and expensive litigation.” Rule 5(a). The order from which the father requests permission to appeal contains no such certification. For these reasons, Rule 5 is not applicable to this case.
We ■ therefore' consider the father’s alternative petition for a writ of mandamus.
“Mandamus is an extraordinary remedy and will be granted only where there is ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; anil (4) properly invoked jurisdiction of the court.’ Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991). This Court will not issue the writ of mandamus where the petitioner has ‘ “full and adequate relief’ ’ by appeal. State v. Cobb, 288 Ala. 675, 678, 264 So.2d 523, 526 (1972) (quoting State v. Williams, 69 Ala. 311, 316 (1881)).”
Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813 (Ala. 2003). “The burden rests on the petitioner to demonstrate that its petition presents such an exceptional case—that is, one in which an appeal is not an adequate remedy.” Ex parte Dillard Dep’t Stores, Inc., 879 So.2d 1134, 1137 (Ala. 2003) (citing Ex parte Consolidated Publ’g Co., 601 So.2d 423, 426 (Ala. 1992)).
“A judgment certified by a trial court pursuant to Rule 54(b) is a final appealable judgment.” Lewis v. State, 463 So.2d 154, 155 (Ala. 1985). The father has not demonstrated that an appeal from the October 18, 2016, order certified as final pursuant to Rule 54(b) was not an adequate remedy.[2] Accordingly, we deny his *260 petition insofar as he requests, a writ of mandamus.
For the foregoing reasons, we deny" the father’s petition seeking permission to appeal pursuant to Rule 5 and, in the alternative, for a, writ of mandamus.
PETITION DENIED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.

. We note that, in the order transferring this case, the supreme court determined that this court had original jurisdiction. Section 12-3- . 11, Ala. Code 1975, provides: “Each of the courts of appeals shall have and exercise original jurisdiction in the issuance and determi- ■ nation of writs of quo warranto and mandamus in relation to matters in which said court has appellate jurisdiction.” See Ala. Const, of 1901 (Off. Recomp.), Art. VI, § 141(c) ("The court of criminal appeals and the court of civil appeals shall have no original jurisdiction except the power to issue all writs necessary or appropriate in aid of appellate jurisdiction of the courts of appeals.”). Pursuant to § 12-3-10, this court has exclusive jurisdiction of domestic-relations cases; therefore, it appears that the supreme court transferred the case to this court based on our jurisdiction to issue writs of mandamus in domestic-relations cases.

. We note that an appellate court may treat a petition for the writ of mandamus as an appeal in certain circumstances. See Ex parte Burch, 730 So.2d 143, 146 (Ala. 1999) (noting that there is no “bright-line test” for such action). ‘‘[The appellate court] consider^] the facts of the particular case in deciding Whether to treat the filing as a petition or as an appeal.” F.L. Crane & Sons, Inc. v. Malouf Constr. Corp., 953 So.2d 366, 372 (Ala. 2006). *260 Under the facts and circumstances presented here, we decline to convert the petition for a writ of mandamus into an appeal.