MOORE, Judge, dissenting.
On April 21, 2015, Melissa Blose filed a petition in the Lauderdale Probate Court ("the probate court"), seeking her appointment as the administrator ad litem of the estate of Dorothy Lois Purser ("Dorothy"), deceased; she asserted in the petition and in her accompanying affidavit, among other things, that Dorothy was her aunt and that "persons who are not family members or heirs of the estate of" Dorothy were occupying real property located in Florence that had belonged to Dorothy. The trial court granted Blose's petition and appointed her as administrator ad litem of Dorothy's estate. Blose filed a motion seeking the assistance of law-enforcement officials to gain entrance to Dorothy's real property; that motion was granted by the probate court. On April 29, 2015, Arnold Glenn Balentine ("Glenn") filed in the probate court an answer and an opposition to Blose's petition for appointment as administrator ad litem; he asserted, among other things, that he was Dorothy's surviving spouse and requested that the probate court vacate its order appointing Blose as administrator ad litem of Dorothy's estate. Blose filed a response to Glenn's answer. She also filed in the probate court a petition for the probate of Dorothy's will and a petition for letters testamentary, among other things. The probate court entered a judgment admitting Dorothy's will to probate and granted letters testamentary to Blose.
On July 7, 2015, Glenn filed a complaint in the Lauderdale Circuit Court ("the circuit court"), seeking to remove the administration of Dorothy's estate from the probate court, and, on July 29, 2015, the administration of the estate was removed to the circuit court. Before the administration of the estate was removed, Glenn filed in the probate court a petition to set aside statutory exemptions and allowances as Dorothy's surviving spouse and a petition for his elective share of Dorothy's estate, and Blose filed an objection to those petitions. Following the removal of the administration of the estate to the circuit court, a trial was conducted on the issue whether Glenn and Dorothy had been married at common law; the circuit court entered an order concluding that they had been husband and wife and set the case for a hearing on Glenn's petition for his elective share and to set aside statutory exemptions. Blose filed her notice of appeal to this *369 court on November 30, 2016; that appeal was docketed as case no. 2160157. This court dismissed that appeal, however, as having been taken from a nonfinal judgment. See Blose v. Balentine, 241 So.3d 692 (Ala. Civ. App. 2017) (table).
On March 10, 2017, before this court issued its certificate of judgment in case no. 2160157 on March 14, 2017, the circuit court entered an order purporting to certify as final, pursuant to Rule 54(b), Ala. R. Civ. P., its judgment concluding that Glenn and Dorothy had been married at common law. Blose again appealed to this court. This court transferred the appeal to the Alabama Supreme Court for lack of subject-matter jurisdiction; that court then transferred the appeal to this court, pursuant to Ala. Code 1975, § 12-2-7(6). This court reinvested the circuit court with jurisdiction to reenter its March 10, 2017, order, which the circuit court did on May 10, 2017. See Raybon v. Hall, 17 So.3d 673, 675 (Ala. Civ. App. 2009) (concluding that entry of judgment before this court has issued certificate of judgment regarding a pending appeal in the same case results in entry of a void judgment that will not support an appeal).
In its no-opinion order of affirmance, this court cites Rickard v. Trousdale, 508 So.2d 260 (Ala. 1987), and implicitly determines that, in light of the circuit court's direction of the entry of a final judgment, pursuant to Rule 54(b), as to its determination regarding the existence of a common-law marriage between Glenn and Dorothy, this court has jurisdiction to hear Blose's current appeal. Because I disagree, I respectfully dissent.
Although the supreme court in Rickard, and this court in Melton v. Jenkins, 92 So.3d 105 (Ala. Civ. App. 2012), proceeded to consider the appeals in those cases following Rule 54(b) certifications of orders concluding, like the one in the present case, that a common-law marriage existed, neither court made any express finding of appellate jurisdiction. See Cochran v. Chapman, 21 So.3d 1244, 1246 n.1 (Ala. Civ. App. 2008) (concluding that, although an implied finding of jurisdiction may arise from an earlier case, it does not control the resolution of the question of jurisdiction in the present case). In Cochran, a divorce case, the trial court certified as final an order concluding only that the parties had entered into a common-law marriage. 21 So.3d at 1245. With regard to whether this court had jurisdiction over the appeal, we stated, in pertinent part:
" 'An appeal ordinarily will lie only from a final judgment-i.e., one that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.' Bean v. Craig, 557 So.2d 1249, 1253 (Ala. 1990). Rule 54(b), Ala. R. Civ. P., provides an exception to this rule. It reads, in pertinent part:
" 'When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.'
"Discussing the propriety of a Rule 54(b) certification of finality, this court recently wrote:
" 'In State v. Brantley Land, L.L.C., 976 So.2d 996 (Ala. 2007), our supreme court reviewed an order, purportedly made final pursuant to Rule 54(b), in which the trial court granted the State of Alabama a fee-simple interest *370 in certain real property it had sought to condemn but reserved the question of compensation owed the owners of the property for a trial. On appeal by the State, the supreme court addressed the propriety of the certification of finality under Rule 54(b). It stated:
" ' "In James v. Alabama Coalition for Equity, Inc., 713 So.2d 937 (Ala. 1997), this Court stated:
" ' " 'Not every order has the element of finality necessary to trigger the application of Rule 54(b). Tanner v. Alabama Power Co., 617 So.2d 656, 656 (Ala. 1993) ( Rule 54(b)"confers appellate jurisdiction over an order of judgment only where the trial court 'has completely disposed of one of a number of claims, or one of multiple parties' " (emphasis in Tanner )).'
" ' " 713 So.2d at 941. As the James Court further stated, ' "[o]nly a fully adjudicated whole claim against a party may be certified under Rule 54(b)." ' 713 So.2d at 942 (quoting Sidag Aktiengesellschaft v. Smoked Foods Prods. Co., 813 F.2d 81, 84 (5th Cir. 1987) (emphasis in Sidag )). Similarly, in Precision American Corp. v. Leasing Service Corp., 505 So.2d 380, 381 (Ala. 1987), this Court held that the partial summary judgment at issue in that case did not 'completely dispose[ ] of a claim so as to make that judgment final. Rule 54(b) does not authorize the entry of final judgment on part of a single claim.' "
" ' 976 So. 2d at 999 (footnote omitted). The supreme court concluded that the trial court's order vesting the State with title to the real property but failing to award compensation to the landowners from whom the property was taken "[did] not present [it] with a 'fully adjudicated whole claim,' ... and that, therefore, the trial court erred in directing the entry of a final judgment as to that order." Id. at 1001.'
" Martin v. Phillips, 7 So.3d 1012, 1018 (Ala. Civ. App. 2008)."
21 So.3d at 1245-46.
This court determined in Cochran that the question whether the parties had been married at common law did not constitute a discrete "claim" within the case but, rather, was only a constituent part of the claim for a divorce. Id. at 1246. We observed that the trial court's determination that the parties had entered into a common-law marriage did not " 'fully adjudicate a whole claim,' as was necessary to make the order subject to a certification of finality under Rule 54(b)." Id.
In Dunning v. Mayhew, 240 So.3d 616, ---- (Ala. Civ. App. 2017), cited in the no-opinion order of affirmance, Lulu Mayhew filed a claim against the estate of Frederick Roosevelt Dunning, Jr. ("Frederick"), deceased, in which she asserted that she was the surviving spouse of Frederick. Following a hearing, the trial court determined that Frederick had entered into a common-law marriage with Mayhew. The personal representatives of Frederick's estate appealed to this court; this court proceeded to hear the appeal, noting "that our appellate courts have treated a judgment in a probate proceeding determining that a common-law marriage existed as final for purposes of appeal." 240 So.3d at 619 n.3. In that footnote, this court cited Lofton v. Estate of Weaver, 611 So.2d 335, 336 (Ala. 1992) ; Aaberg v. Aaberg, 512 So.2d 1375, 1376 (Ala. 1987) ; Butler v. Coonrod, 671 So.2d 750, 751 (Ala. Civ. App. 1995) ; and Watkins v. Watkins, 190 So.3d 925, 933 (Ala. Civ. App. 2015). I first note that, in each of those cases, like in Rickard and *371 Melton, neither this court nor our supreme court made any express finding of appellate jurisdiction.[1] This court's footnote in Dunning also does not amount to an express finding of jurisdiction.
In Ex parte Boddie, 229 So.3d 255, (Ala. Civ. App. 2017), the parties were divorced by a judgment entered by the trial court in that case, and the mother subsequently filed a petition requesting that the father be held in contempt for his alleged failure to make certain payments as ordered in the divorce judgment and that certain provisions of the divorce judgment be modified. The father filed a "Request for Declaratory Judgment and Injunctive Relief," asserting that, following the entry of the divorce judgment, the parties had been married at common law for another five years and that he should not have been required to make certain payments during that period. 229 So.3d at ----. The father sought a judgment declaring the existence of the parties' common-law marriage and declaring that the mother was not entitled to the relief requested in her petition. Id. The trial court entered an order in which it determined that the parties had not been married at common law during the period asserted by the father, and, upon motion of the father, the trial court certified that order as a final judgment, pursuant to Rule 54(b). Id. The father requested permission to appeal the trial court's judgment pursuant to Rule 5, Ala. R. App. P., which allows for permissive appeals to the Alabama Supreme Court from interlocutory orders under limited circumstances, and he filed an alternative petition for a writ of mandamus. 229 So.3d at 257. This court concluded that the case was not appropriate for consideration under Rule 5 and concluded further that, because the judgment had been certified as final, the father had an adequate remedy by appeal such that his petition for a writ of mandamus was due to be denied.
In Boddie, the father had sought a judgment declaring that the parties were married at common law. Thus, the trial court's judgment finding that the parties had not been married at common law adjudicated a pending claim for relief that was before it. In the present case, no such declaratory-judgment claim was filed. Accordingly, Boddie is clearly distinguishable from the circumstances in the present case.
In my opinion, like in Cochran, the question whether Glenn and Dorothy were married at common law did not constitute a discrete "claim" within the case; rather, it was only a constituent part of Glenn's underlying claims. Accordingly, I conclude that the circuit court erred in certifying, pursuant to Rule 54(b), its order determining that Glenn and Dorothy had been married at common law, and I would dismiss the appeal.

In Lofton, Butler, and Watkins, the trial courts in each of those cases concluded that no common-law marriage had existed. Although this court is not called upon in the present case to determine whether a judgment concluding that no common-law marriage existed may be certified as final pursuant to Rule 54(b), I conclude that, because those judgments could result in the implicit denial of an underlying claim, those cases are distinguishable from the circumstances in the present case.