## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHRISTIE D. MILLER,

Appellant,

v.

OFFICE OF PERSONNEL
MANAGEMENT,

Agency.

DOCKET NUMBER
AT-0831-18-0483-I-1

DATE: February 16, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christie D. Miller</u>, Mobile, Alabama, pro se.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying the appellant a survivor annuity. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On petition for review, the appellant challenges the administrative judge's finding that she was not married to an annuitant who passed away on December 28, 2016, and thus, she was not eligible for a survivor annuity under the Civil Service Retirement System. Petition for Review (PFR) File, Tab 1 at 3-4; Initial Appeal File (IAF), Tab 14, Initial Decision (ID) at 3-5.[2] The appellant asserts that some of the documents she submitted in support of the existence of a common law marriage were not received or reviewed by the administrative judge and requests that they be considered; she has submitted five documents, dating from February and March 2017, with her petition. PFR File, Tab 1 at 3-4, Tab 3 at 3-10. She also states that, at the hearing held in this matter, she learned that the decedent's death certificate states that she is a friend, and she has submitted an email from the funeral home stating that she stated at

---

[2] The appellant's initial appeal to the Board was untimely filed by 2 months, without explanation. IAF, Tab 1. Neither the agency nor the administrative judge raised this issue during the proceedings below. In the initial decision, the administrative judge noted that the appeal appeared to be untimely, but she did not address it, stating that OPM had not raised the issue. ID at 2 n.1. We need not address the timeliness of the initial appeal because we find that the administrative judge properly denied the appeal on the merits.

the time of the decedent's death that she was his spouse.  PFR File, Tab 1 at 3-4, Tab 3 at 2.

Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  Based on our review of the record, we cannot conclude that the appellant failed to exercise due diligence in submitting the documents dating from February and March 2017 before the record closed and have considered these documents in our review of this appeal.  Hearing Compact Disc (testimony of the appellant); PFR File, Tab 1 at 3-4, Tab 3 at 3-10.  We decline to consider the October 25, 2018 email from the funeral home, as the agency submitted the death certificate prior to the hearing, and the appellant failed to exercise due diligence in challenging the death certificate below.  IAF, Tab 6 at 31; PFR File, Tab 1 at 3-4, Tab 3 at 2.

After careful consideration of the record, we have concluded that the appellant has not established that she and the decedent had a common law marriage.  As discussed by the administrative judge, the appellant did not show by clear and convincing evidence that she and the decedent had a present, mutual agreement to enter into marriage, and the evidence on review does not establish that the appellant has met her burden.  ID at 3-5; PFR File, Tab 3 at 3-10; *see Lofton v. Estate of Weaver*, 611 So. 2d 335, 336 (Ala. 1992) (providing that, under Alabama law, a party seeking to prove a common law marriage must establish her claim by clear and convincing evidence); *Boswell v. Boswell*, 497 So. 2d 479, 480 (Ala. 1986) (holding that, in Alabama, recognition of a common law marriage requires proof of "(1) capacity; (2) present, mutual agreement to permanently enter the marriage relationship to the exclusion of all other relationships; and (3) public recognition of the relationship as a marriage and public assumption of marital duties and cohabitation").

Furthermore, the administrative judge found that the appellant cannot show that the decedent elected a survivor annuity for her, and the appellant does not challenge this finding on review.  ID at 5-6.  Our review of the record reflects that there is no evidence that the decedent ever submitted the requisite signed writing to OPM that elected a survivor annuity for the appellant prior to his death, and there is no basis on which to waive the filing deadline.  *See* 5 U.S.C. § 8339(j)(5)(C)(i) (providing that, upon remarriage, an annuitant may elect to provide a survivor annuity for his spouse in a signed writing that OPM receives within 2 years after the marriage); *Perez Peraza v. Office of Personnel Management*, 114 M.S.P.R. 457, ¶ 7 (2010) (recognizing three bases for waiving a filing deadline prescribed by statute or regulation:  (1) the statute or regulation may provide for a waiver under specified circumstances; (2) an agency's affirmative misconduct may preclude enforcement of the deadline under the doctrine of equitable estoppel; and (3) an agency's failure to provide a notice of rights and the applicable filing deadline, where such notice is required by statute or regulation, may warrant waiver of the deadline).  Accordingly, we affirm the administrative judge's initial decision affirming OPM's denial of the appellant's request for a survivor annuity.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.